Per Curiam.
*236 *207 Defendant, Danny D. Verbrugge, appeals as of right the trial court's order denying his motion for a de novo review of his motion seeking custody of his daughter, LV. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings.
I. FACTS AND PROCEEDINGS
LV was born to defendant and plaintiff, Natassia T. Sims, on October 15, 2012. The parties were unmarried, but on the day of LV's birth, the parties signed *208 an affidavit of parentage (AOP) indicating that defendant was LV's biological father. The parties subsequently ended their relationship but were able to make arrangements for defendant to visit LV without judicial involvement.
In April 2013, the Kent County Prosecuting Attorney filed a complaint for support, seeking an order requiring defendant to pay child support. The trial court eventually entered a default judgment against defendant, ordering him to pay child support and stating that plaintiff had physical custody of LV.
The parties resided a short distance from one another until May 2015, when plaintiff and LV moved an hour's drive away. Defendant later moved in the trial court to enter an order regarding parenting time, alleging that since the move, he had been unable to see LV as frequently as when the parties had lived closer to one another. The trial court entered an order providing a parenting-time schedule and, in August 2015, the parties stipulated another arrangement.
In November 2016, plaintiff notified defendant that she intended to sell her Michigan home and move to Colorado with LV. In response, defendant filed a motion seeking joint legal custody and primary or joint physical custody, alleging that this would be in LV's best interests. According to the referee, pursuant to MCL 722.1[1] *209 and MCL 722.2,[2] plaintiff had legal custody of LV as the mother of an illegitimate child. Defendant sought de novo review of this ruling pursuant to MCR 3.215(E)(4). The trial court agreed with the referee's conclusion and denied defendant's motion, holding that plaintiff had sole legal custody of LV and that defendant had not fulfilled his statutory burden under MCL 722.27(1)(c) to seek a modification or amendment of the custody order.
II. ANALYSIS
Defendant now appeals, arguing that plaintiff did not have sole legal custody of LV because the execution of the AOP gave the parties joint legal custody. We disagree that the parties had joint legal custody by executing the AOP but hold that defendant is entitled to a hearing upon remand for a determination as to legal custody.
*237 When this Court reviews matters concerning child custody, it reviews the trial court's findings of fact under the great weight of the evidence standard, which requires that a trial court's findings of fact "be affirmed unless the evidence clearly preponderates in the opposite direction." Thompson v. Thompson , 261 Mich. App. 353, 358, 683 N.W.2d 250 (2004) (quotation marks and *210 citation omitted). Further, this Court reviews the trial court's discretionary rulings for an abuse of discretion and questions of law for clear legal error. Id.
When interpreting statutes, this Court's fundamental "obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute." Koontz v. Ameritech Servs., Inc. , 466 Mich. 304, 312, 645 N.W.2d 34 (2002). If the statute's language is unambiguous, judicial construction is not permitted. Shinholster v. Annapolis Hosp. , 471 Mich. 540, 549, 685 N.W.2d 275 (2004). Further, this Court "must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory." Koontz , 466 Mich. at 312, 645 N.W.2d 34. This Court must also read the Acknowledgment of Parentage Act, MCL 722.1001 et seq., the Paternity Act, MCL 722.711 et seq., and the Child Custody Act, MCL 722.21 et seq., in pari materia , construing them together and interpreting their provisions so that they do not conflict. Sinicropi v. Mazurek , 273 Mich. App. 149, 156-157, 729 N.W.2d 256 (2006).
The Acknowledgment of Parentage Act provides that a man can be considered the father of a child born out of wedlock[3] as follows:
If a child is born out of wedlock, a man is considered to be the natural father of that child if the man joins with the mother of the child and acknowledges that child as his child by completing a form that is an acknowledgment of parentage. [ MCL 722.1003(1).]
Once the parties complete such an act, the Acknowledgment of Parentage Act provides as follows:
*211 An acknowledgment signed under this act establishes paternity, and the acknowledgment may be the basis for court ordered child support, custody, or parenting time without further adjudication under the paternity act, Act No. 205 of the Public Acts of 1956, being sections 722.711 to 722.730 of the Michigan Compiled Laws. The child who is the subject of the acknowledgment shall bear the same relationship to the mother and the man signing as the father as a child born or conceived during a marriage and shall have the identical status, rights, and duties of a child born in lawful wedlock effective from birth. [ MCL 722.1004.]
Further, "[a]lthough MCL 722.1004 affords the child the full rights of a child born in wedlock, the statute does not grant a putative father who acknowledges paternity the same legal rights as a father whose child is born in wedlock." Eldred v. Ziny , 246 Mich. App. 142, 149, 631 N.W.2d 748 (2001). Insofar as custody is concerned, MCL 722.1006 provides as follows:
After a mother and father sign an acknowledgment of parentage, the mother has initial custody of the minor child, without prejudice to the determination of either parent's custodial rights, until *238 otherwise determined by the court or otherwise agreed upon by the parties in writing and acknowledged by the court. This grant of initial custody to the mother shall not, by itself, affect the rights of either parent in a proceeding to seek a court order for custody or parenting time.
As described by our Supreme Court, this portion of the Acknowledgment of Parentage Act "effectively conditions the parents' ability to execute an AOP on their willingness to allow the mother to be granted 'initial custody of the minor child ....' " Foster v. Wolkowitz , 486 Mich. 356, 366, 785 N.W.2d 59 (2010), quoting MCL 722.1006. The "initial custody" enjoyed by a mother includes legal custody. See Ziny , 246 Mich. App. at 144, 146-147, 631 N.W.2d 748 (explaining that "pursuant to the Acknowledgment *212 of Parentage Act, the mother ... had legal custody of [the child]" because the natural parents had signed an AOP).
In Foster , 486 Mich. at 366, 785 N.W.2d 59, the Court specified that, although the mother receives initial custody of the child through the execution of an AOP, this initial custody is not a judicial determination. The Court reasoned that "[e]quating an AOP to a judicial determination would necessarily be prejudicial to the father" because, if this was the case, the child would have an established custodial environment and, as a result, the father would face a heightened standard of scrutiny when seeking custody of the child. Id. at 366 n. 19, 785 N.W.2d 59. This would be in direct conflict with the MCL 722.1006 statement that the grant of initial custody "shall not, by itself, affect the rights of either parent in a proceeding to seek a court order for custody or parenting time." Id. at 366, 785 N.W.2d 59 (quotation marks and emphasis omitted).
While the Acknowledgment of Parentage Act "establishes paternity, establishes the rights of the child, and supplies a basis for court ordered child support, custody, or parenting time without further adjudication under the paternity act," the Child Custody Act, provides "the exclusive means of pursuing child custody rights." Ziny , 246 Mich. App. at 148, 631 N.W.2d 748 (quotation marks and citation omitted). MCL 722.27(1) of the Child Custody Act provides, in pertinent part, that the trial court may resolve custody disputes as follows:
If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
*213 (a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age. Subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, the court may also order support as provided in this section for a child after he or she reaches 18 years of age. The court may require that support payments shall be made through the friend of the court, court clerk, or state disbursement unit.
(b) Provide for reasonable parenting time of the child by the parties involved, by the maternal or paternal grandparents, or by others, by general or specific terms and conditions. Parenting time of the child by the parents is governed by section 7a.
(c) Subject to subsection (3), modify or amend its previous judgments or *239 orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. If a motion for change of custody is filed while a parent is active duty, the court shall not consider a parent's absence due to that active duty status in a best interest of the child determination.
To demonstrate proper cause to modify or amend a previous order, a movant must demonstrate that "one or more appropriate grounds that have or could have a *214 significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." Vodvarka v. Grasmeyer , 259 Mich. App. 499, 511, 675 N.W.2d 847 (2003). While "[t]here is no hard or fast rule" as to what grounds could fulfill this requirement, the trial court may rely on the best-interest factors enumerated in MCL 722.23 to aid in this determination. Id. at 511-512, 675 N.W.2d 847. Similarly, to demonstrate a change in circumstances sufficient to justify the modification or amendment of a previous order, a movant must demonstrate that "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." Id. at 513, 675 N.W.2d 847. Once the trial court has found by a preponderance of the evidence that proper cause or a sufficient change in circumstances exists, the trial court may then engage in a best-interest determination. Id. at 512, 675 N.W.2d 847. When the movant seeks to change the child's custodial environment, the best-interest determination must be based on clear and convincing evidence. MCL 722.27(1)(c).
In the present case, the parties executed an AOP on October 15, 2012-the day LV was born-that properly identified defendant as LV's father. By operation of the Acknowledgment of Parentage Act, upon execution of the AOP, plaintiff automatically received initial legal and physical custody of LV. See MCL 722.1006 ; Ziny , 246 Mich. App. at 146-147, 631 N.W.2d 748. Later, the trial court ordered defendant to pay child support and ruled that plaintiff had sole physical custody of LV. Although the trial court's order was silent as to legal custody, plaintiff retained initial legal custody of LV until challenged.
To the extent that defendant challenged the physical custody of LV, the trial court had already entered an *215 order regarding her physical custody, and the trial court properly required defendant to demonstrate proper cause or a change in circumstances to justify a hearing. See MCL 722.27(1)(c). However, the trial court erred by requiring defendant to demonstrate proper cause or a change in circumstances when he moved for a change in LV's legal custody. A person is only required to demonstrate *240 proper cause or a change in circumstances when that person seeks to "modify or amend [the trial court's] previous judgments or orders." MCL 722.27(1)(c). Here, however, there was no previous judgment or order concerning legal custody, for although plaintiff enjoyed initial legal custody of LV, it was granted by operation of law, not a judicial determination. See Foster , 486 Mich. at 366, 785 N.W.2d 59. Courts cannot treat the legal custody granted by signing an AOP the same as a judicial determination because, as stated earlier, MCL 722.1006 provides that the grant of initial custody through the execution of an AOP "shall not, by itself, affect the rights of either parent in a proceeding to seek a court order for custody or parenting time." Because the parties' AOP was not a judicial determination, no existing judgment or order regarding legal custody existed. See Foster , 486 Mich. at 366 n. 19, 785 N.W.2d 59 ; MCL 722.1006. Accordingly, by requiring defendant to demonstrate by a preponderance of the evidence proper cause or a change in circumstances-the standard required to modify or amend an existing judgment or order-the trial court erred, imposing a higher burden on defendant in violation of MCL 722.1006.
To the extent that the trial court reasoned that under MCL 722.1 and MCL 722.2 plaintiff had sole legal custody of LV as a result of LV being an illegitimate child, we note that this interpretation is at odds with the MCL 722.1004 mandate that a child who is the subject of an AOP is treated as a child born in *216 wedlock and not as illegitimate. See Sinicropi , 273 Mich. App. at 156-157, 729 N.W.2d 256 (providing that we must interpret statutes regarding the same subject matter harmoniously). Moreover, this Court is bound to follow the opinions of our Supreme Court, see State Treasurer v. Sprague , 284 Mich. App. 235, 242, 772 N.W.2d 452 (2009), not the unpublished opinion of this Court that defendant cited. Accordingly, the Court's discussion in Foster concerning AOPs and initial custody determinations is controlling. The trial court erred by subjecting defendant's motion for legal custody to the standards of MCL 722.27(1)(c).
We reverse the portion of the trial court's order regarding legal custody and remand. Upon remand, the trial court should consider whether defendant is entitled to legal custody of LV. This evaluation should be treated as an initial evaluation of custody without a prior existing order.
Regarding LV's physical custody, however, a previous order existed, and the trial court did not err by requiring defendant to demonstrate proper cause or a change in circumstances to justify reconsideration of the order. On appeal, defendant argues that plaintiff's indication that she may move to Colorado and the listing of her house for sale constituted a sufficient change in circumstances to satisfy MCL 722.27(1)(c). This argument rests completely on contingent future events, not a change in circumstances that already occurred. Therefore, the trial court did not err by choosing not to hear defendant's argument as to a change in physical custody, and we affirm this portion of the trial court's ruling. See MCL 722.27(1)(c) ; Vodvarka , 259 Mich. App. at 511-512, 675 N.W.2d 847.[4]
*241 *217 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
No costs to either party, neither having prevailed in full. MCR 7.219(A).
Murray, P.J., and Sawyer and Markey, JJ., concurred.

MCL 722.1 provides as follows:
As used in this act:
(a) "Minor" means a person under the age of 18 years.
(b) "Parents" means natural parents, if married prior or subsequent to the minor's birth; adopting parents, if the minor has been legally adopted; or the mother, if the minor is illegitimate.
(c) "Emancipation" means termination of the rights of the parents to the custody, control, services and earnings of a minor.

MCL 722.2 provides as follows:
Unless otherwise ordered by a court order, the parents of an unemancipated minor are equally entitled to the custody, control, services and earnings of the minor, but if 1 parent provides, to the exclusion of the other parent, for the maintenance and support of the minor, that parent has the paramount right to control the services and earnings of the minor.

A child born out of wedlock is "a child begotten and born to a woman who was not married from the conception to the date of the birth of the child, or a child that the court has determined to be a child born or conceived during a marriage but not the issue of that marriage." MCL 722.711(a).

We further note that plaintiff has since filed a motion in the trial court seeking to change her domicile, apparently having solidified her plans to move to Colorado. Because such a move is now imminent and no longer contingent, it undoubtedly constitutes a change of circumstances under MCL 722.27(1)(c), and defendant will have the opportunity to have the trial court reevaluate physical custody in the trial court. See Vodvarka , 259 Mich. App. at 513, 675 N.W.2d 847 (stating that a change of circumstances exists when the change in circumstances could have a significant effect on the child's well-being).