# STATE OF MICHIGAN

# COURT OF APPEALS

BONNIE M. PARKS,

        Plaintiff-Appellee,

v

JOHN D. NIEMIEC,

        Defendant-Appellant.

FOR PUBLICATION
September 18, 2018
9:05 a.m.

No. 337823
Macomb Circuit Court
Family Division
LC No. 1992-001206-DP

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this domestic relations action, defendant, John D. Niemiec, appeals by delayed leave granted[1] the trial court's order denying his motion to discharge unpaid child support owed for his two children. In 1992, the Department of Social Services brought a paternity action against Niemiec over the paternity of his oldest child. Niemiec acknowledged paternity, and the trial court entered an order of filiation. The trial court also ordered Niemiec to pay child support for his two children, born in 1987 and 1989. Over the next 12 years, plaintiff, Bonnie M. Parks, sought to enforce the support order. By 2004, Niemiec owed around $40,000 in unpaid support. In June 2007, the trial court temporarily suspended Niemiec's support obligation because of his incarceration. Niemiec was released from prison in December 2016. In February 2017, Niemiec asked the trial court to discharge the unpaid support, arguing that the statute of limitations barred enforcement. The trial court rejected Niemiec's argument and denied his motion to cancel the unpaid support. We affirm.

On appeal, Niemiec contends that the statutory limitations period for enforcement of the support order has run. We disagree. We review de novo the legal questions of statutory interpretation and the application of a statute of limitations to undisputed facts. *O'Leary v O'Leary*, 321 Mich App 647, 651-652; 909 NW2d 518 (2017). "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *Cox v Hartman*, 322 Mich App 292, 298; 911 NW2d 219 (2017) (quotation marks and citation

---

[1] *Parks v Niemiec*, unpublished order of the Court of Appeals, entered August 23, 2017 (Docket No. 337823).

omitted). "We read the statutory language in context and as a whole, considering the plain and ordinary meaning of every word." *O'Leary*, 321 Mich App at 648 (quotation marks and citation omitted). "If the statute's language is unambiguous, judicial construction is not permitted." *Sims v Verbrugge*, 322 Mich App 205, 210; 911 NW2d 233 (2017).

A civil action to enforce a child support order is subject to a 10-year statutory limitations period. MCL 600.5809(4); *People v Monaco*, 474 Mich 48, 54-55; 710 NW2d 46 (2006). For this reason, the trial court's reasoning that no statute of limitations barred recovery of unpaid support in a civil case was erroneous. Nonetheless, we affirm the trial court's order because the statutory limitations periods were tolled by the trial court's continuing jurisdiction.

The ten-year statutory period of limitations to enforce a support order in a civil proceeding runs "from the date that the last support payment is due under the support order regardless of whether or not the last payment is made." MCL 600.5809(4). Generally, the "date that the last support payment is due" is the child's 18th birthday. *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999). A statute of limitations is tolled when a complaint is properly filed or "[a]t the time jurisdiction over the defendant is otherwise acquired." MCL 600.5856(a) and (b). Pertinent to this case, a trial court "has continuing jurisdiction over proceedings brought under" The Paternity Act, MCL 722.711 *et seq.*, to change the amount of child support or to enforce a support order. MCL 722.720(a) and (b).

In this case, it is undisputed that Niemiec's oldest child turned 18 on December 25, 2005, and that his younger child turned 18 on May 21, 2007. The statutory limitations periods for recovery of unpaid support in a civil case for each child would have expired on December 25, 2015, and May 21, 2017, respectively. The statutory limitations periods were tolled, however, by the trial court's continuing jurisdiction. The trial court began exercising jurisdiction in 1992 when it entered a judgment of filiation and a support order. The trial court continued to exercise jurisdiction by entering orders for Niemiec to show cause for failure to pay support, issuing multiple bench warrants and enforcement orders, and temporarily suspending Niemiec's support obligation beginning in June 2007 while he was in prison. Further, the suspension of Niemiec's support obligation for the nearly ten years of his incarceration did not affect the tolling of the limitations periods because Parks had already sought to recover unpaid support numerous times long before either child turned 18. That temporary suspension merely reflected the trial court's continuing jurisdiction. Therefore, even after the statutory limitations periods began to run in December 2005 and May 2007, respectively, they were tolled by the trial court's continuing jurisdiction. In sum, although the trial court erred when it determined that no statute of limitations applied to civil proceedings to enforce a child support order, it nevertheless reached the correct result because the trial court's continuing jurisdiction in this proceeding tolled the limitations periods. See *Mich Ed Employees Mut Ins Co v Karr*, 228 Mich App 111, 115 n 1; 576 NW2d 728 (1998) (declining to "reverse when the trial court reaches the correct result regardless of the reasoning employed"). Therefore, Niemiec remains liable for unpaid child support in this civil proceeding.

We affirm.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto