*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENTIS SUTTON,

        Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2019

No. 344194
Washtenaw Circuit Court
LC No. 17-000872-NF

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant and dismissing plaintiff's complaint with prejudice. Plaintiff contends on appeal that the trial court erred in dismissing his claim with prejudice because (1) plaintiff was not obligated to attend an Examination Under Oath (EUO) scheduled by defendant until defendant first assigned plaintiff's claim for personal injury protection (PIP) benefits under the Michigan Assigned Claims Plan (MACP) to a servicing insurer, and (2) dismissal of plaintiff's complaint with prejudice for a failure to attend a deposition was an extraordinary and drastic remedy. We affirm.

## I. FACTUAL BACKGROUND

Except as otherwise provided below, the relevant facts of this case are not in dispute. Plaintiff was the sole occupant of a 2001 Chevy Impala when, on February 15, 2017, he was involved in an automobile accident and injured. Plaintiff filed an application with defendant seeking benefits from the MACP, noting in the application that there was not a no-fault insurance policy available to provide him PIP benefits. Plaintiff noted that the owner of the Impala was his father, and that his father did not have insurance on that vehicle in effect at the time of the accident.

In response to plaintiffs' application, defendant sent a letter indicating that it "require[d] additional information in order to move forward with [its] eligibility determination." Defendant noted that the application was incomplete because plaintiff failed to give his address at the time

-1-

of the accident and failed to note whether he had permission to use the Impala at the time of the accident. Defendant further noted that it had learned that defendant's father had another vehicle registered to his name at the time of the accident—a 2005 Ford Five Hundred—and explained that it needed to know whether defendant's father maintained insurance on the Ford Five Hundred before it could make an eligibility determination with respect to the MACP.

Several months later, defendant sent another letter to plaintiff, this time informing him that it had scheduled an EUO of plaintiff to take place on September 13, 2017. In the letter, defendant requested the following:

> 1. Copies or originals of any and all medical or pharmaceutical bills which are claimed to be presently outstanding or unpaid, and which allegedly arose from the loss on February 15, 2017; and

> 2. Any and all documentation pertaining to any motor vehicles (including vehicle title, proof of insurance, and registration), that you owned or had use of since February 15, 2017.

Plaintiff does not dispute that plaintiff failed to respond to defendant's written correspondence and failed to appear for the EUO, instead filing the present complaint against defendant.[1]

Shortly after defendant scheduled the EUO, plaintiff filed a complaint in the Washtenaw Circuit Court. In contradiction to his application for benefits with defendant, plaintiff's complaint alleged that he maintained a no-fault insurance policy and the benefits of that policy included: (1) three-years loss of income from the date of the accident, (2) reasonably incurred expenses for replacement services, (3) medical and rehabilitative expenses, and (4) reasonable and necessary travel and mileage expenses to obtain medical reimbursement. Plaintiff contended that defendant had failed to pay plaintiff's benefits in violation of the no-fault act, which led to plaintiff suffering dire financial hardship. Plaintiff twice noted that defendant had failed to "assign [plaintiff's] claim to a particular servicing insurer," but, notably, that allegation contradicted plaintiff's other allegations that (1) plaintiff maintained an insurance policy, and (2) defendant failed to pay benefits under that policy.

Following approximately four months of discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). With respect to MCR 2.116(C)(8), defendant contended that plaintiff's complaint was facially invalid because it sought to recover no-fault benefits from defendant as though defendant were an insurer when, in fact, defendant was not. With respect to MCR 2.116(C)(10), defendant noted that plaintiff had failed to respond to defendant's written correspondence, failed to attend the EUO, and failed to attend a

---

[1] On appeal, plaintiff contends that he never received notice of the EUO or his subsequent deposition, but admits to the fact that he did not attend either. As explained in further detail below, in addition to the fact that plaintiff did not raise this argument until his motion for reconsideration, whether plaintiff did or did not receive notice of the EUO or the deposition is not relevant to the dispositive legal issue.

-2-

subsequent deposition scheduled for March 2, 2018.  For failing to state an actionable claim and for failing to comply with defendant's investigation regarding plaintiff's eligibility under the MACP, defendant sought dismissal of plaintiff's complaint with prejudice as well as costs and fees.

In response to the motion for summary disposition, plaintiff clarified that he had filed an application for benefits with defendant "because there was no other insurance available to him or no other identifiable insurance to cover [his] claim," although plaintiff did not seek leave to amend his complaint.  Plaintiff argued that defendant had all the information that it needed to make a determination as to plaintiff's eligibility to collect under the MACP, and that defendant was statutorily obligated to make a prompt determination and either (1) assign the claim to an insurer or (2) deny the claim.  Plaintiff suggested that defendant was attempting to shift its burden to investigate plaintiff's claim onto plaintiff, as well as place itself in the position of a servicing insurer by posing questions to plaintiff that went beyond the scope of defendant's statutory mandate to make an initial eligibility determination based on plaintiff's application for benefits.

The trial court ultimately sided with defendant, noting that plaintiff's complaint contained allegations that would preclude him from coverage under the MACP, and moreover, that plaintiff should have complied with defendant's investigation.  The trial court granted the motion for summary disposition and dismissed plaintiff's complaint with prejudice.  Plaintiff then filed a motion for reconsideration, contending for the first time that plaintiff never received notice to appear for the EUO before the lawsuit was filed or to appear for the deposition after the lawsuit was filed.  The trial court denied the motion, and this appeal followed.  We affirm.

## II. DEFENDANT'S OBLIGATIONS UNDER THE NO-FAULT ACT

As a preliminary matter, plaintiff first suggests on appeal that the trial court failed to view the facts in a light most favorable to plaintiff.  Plaintiff does not explain what facts the trial court failed to view in his favor, and we note that "an appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008), citing *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).  This includes a failure to support an argument by sufficient citation to the record. *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).  Moreover, as noted above, the relevant facts of this case are generally not in dispute.[2]

Plaintiff contends that, following its receipt of plaintiff's application for PIP benefits, defendant was required to make a prompt initial determination regarding plaintiff's eligibility to collect under the MACP, and to promptly deny or assign plaintiff's claim to a servicing insurer.

---

[2] The only factual issues in dispute on appeal are whether plaintiff received notice of the EUO and deposition.  Those facts, however, are not relevant to whether plaintiff had a viable cause of action against defendant, and thus could not affect the disposition of this case.

-3-

Plaintiff argues that defendant's request for information went beyond defendant's statutory obligations, and plaintiff's failure to comply with those requests was not grounds for dismissal of his complaint or denial of his claim for benefits.

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012), citing *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 157846); slip op at 6. "A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim." *Id*. at 7. With respect to MCR 2.116(C)(8):

> When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); MCR 2.116(G)(5). A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). [*Id*. at 6.]

With respect to MCR 2.116(C)(10):

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson*, 502 Mich at 761 (quotation marks, citation, and brackets omitted). [*Id*. at 7.]

"[R]eview [under MCR 2.116(C)(10)] is limited to the evidence that has been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009), citing *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

Additionally, we review the interpretation of statutes, including those contained in the no-fault act, de novo. *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). "The primary rule of statutory [interpretation] is that, where the statutory language is clear and unambiguous, the statute must be applied as written." *Id*. "We read the statutory language in context and as a whole, considering the plain and ordinary meaning of every word." *Parks v Niemiec*, 325 Mich App 717, 719; 926 NW2d 297 (2019) (quotation marks and citation omitted). We are not permitted to engage in statutory construction if the statute's language is unambiguous. *Id*. at 720.

First, we agree with defendant that the trial court's order granting summary disposition could be affirmed pursuant to MCR 2.116(C)(8) alone. Although the trial court did not give its exact reasoning for granting defendant's motion, it is inarguable that plaintiff failed to state a legal claim. As the trial court noted at the hearing on defendant's motion for summary

disposition, plaintiff's complaint alleged facts that, taken as true, bar plaintiff from seeking relief under the MACP.

With the passage of MCL 500.3171(2), defendant was required to adopt, implement, and maintain the MACP:

> The Michigan automobile insurance placement facility shall adopt and maintain an assigned claims plan. A self-insurer or insurer writing insurance as provided by this chapter in this state shall participate in the assigned claims plan. Costs incurred in the administration of the assigned claims plan shall be allocated fairly among insurers and self-insurers. On approval under subsection (3), the Michigan automobile insurance placement facility shall implement the assigned claims plan.

The purpose of the MACP is outlined by MCL 500.3172(1) as amended by 2012 PA 204,[3] which further provides:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

Individuals who are not subject to a no-fault insurance policy who believe they may be entitled to benefits under the MACP are instructed to file a claim with defendant, MCL 500.3172(3), who "shall make an initial determination of a claimant's eligibility for benefits under the [MACP] and shall deny any obviously ineligible claim." MCL 500.3173a(1) as amended by 2012 PA 204.[4]

In this case, plaintiff alleged in his complaint that, at the time of his injury, "there was an insurance policy in full force and effect" that provided plaintiff with PIP benefits. In fact, the majority of plaintiff's complaint appears to have been written as though defendant was a no-fault insurer with which plaintiff maintained an insurance contract. There is nothing in the no-fault act, however, that suggests defendant may be treated as an insurer or that plaintiffs may seek PIP

---

[3] MCL 500.3172 was amended and the amended version of the statute became effective June 11, 2019. Because the former version of the statute was effective at the time of plaintiff's accident, references throughout this opinion are to the former version.

[4] MCL 500.3173a was also recently amended affective June 11, 2019. References throughout are to the version of the statute applicable at the time of plaintiff's accident.

benefits from defendant directly. Defendant, which is an organization comprised of every insurer in the state authorized to issue automobile insurance, MCL 500.3301(1), is tasked with managing the MACP and assigning servicing insurers to eligible claimants under the plan, MCL 500.3171(2); MCL 500.3173a(1); MCL 500.3174. Again, nothing in the no-fault act suggests that defendant may be treated as though it is, itself, a servicing insurer. And, although plaintiff alleges twice in his complaint that defendant "failed to assign [his] claim to a particular servicing insurer," those statements are in contradiction to the rest of the complaint and only serve to confuse the relief sought.[5]

Additionally, although Michigan is a notice-pleading jurisdiction and "the primary purpose of pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position," *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993), it is still required in our state that a complaint be "clear, concise, and direct," MCR 2.111(A)(1). It is further required that a complaint be supported "with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." MCR 2.111(B)(1). Plaintiff's complaint simply did not meet that standard, and notably, plaintiff never sought leave to amend the complaint, only going as far as admitting at the hearing on defendant's motion for summary disposition that there were erroneous statements contained in the complaint. Finally, we note that plaintiff has entirely ignored MCR 2.116(C)(8) on appeal in favor of arguing that summary disposition was not appropriate under MCR 2.116(C)(10). Even assuming that were true, we conclude that affirmation of the trial court's order granting summary disposition is appropriate under MCR 2.116(C)(8) alone.

That having been said, the trial court also noted at the motion hearing that it was "not going to decide" the motion for summary disposition based solely on the complaint, and accordingly, we elect to address MCR 2.116(C)(10) and the issue of whether, regardless of plaintiff's insufficient complaint, the facts in evidence support plaintiff maintaining a cause of action against defendant. This decision is in keeping with precedent from this Court, because although our Supreme Court recently clarified the differences between MCR 2.116(C)(8) and (C)(10) in *El-Khalil*, we have also generally abided by the rule that, where the parties look beyond the pleadings in arguing for or against a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), this Court treats the motion as though it were made pursuant to MCR

---

[5] Notably, the exact relief sought by plaintiff was not that defendant promptly assign plaintiff's claim, but that defendant pay plaintiff PIP benefits:

**WHEREFORE,** Plaintiff demands the following relief:

    a.    That this Court grant judgment against Defendant in whatever amount Plaintiff is found to be entitled, together with interest, costs and actual attorney fees for Defendant's unreasonable and unlawful failure to pay said no-fault benefits[.]

2.116(C)(10) only. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017).

Moving beyond plaintiff's complaint, evidence that was presented in relation to the motion for summary disposition made clear that the actual issue in this case was whether and to what extent defendant is entitled to investigate claims made under the MACP before making its initial determination and either denying or assigning those claims to a servicing insurer. Plaintiff contends that his complaint was justified because defendant was statutorily obligated to promptly assign or deny his application for PIP benefits and failed to do so, whereas defendant contends that it was entitled to make a reasonable investigation before making an initial determination and plaintiff was required to reasonably cooperate with that investigation. We agree with defendant.

The relevant statutory language comes primarily from MCL 500.3173a, which provides that, after an individual makes a claim for benefits under the MACP with defendant, defendant "shall make an initial determination of a claimant's eligibility for benefits under the assigned claims plan and shall deny an obviously ineligible claim." MCL 500.3173a(1). Plaintiff contends that this language requires defendant to initially approve and assign any claim that is not "obviously ineligible." This is in keeping with plaintiff's underlying argument that the statutory scheme generally requires defendant to make a prompt and immediate initial determination after receiving an application for benefits. Plaintiff suggests that an assigned insurer is then permitted to conduct a more extensive investigation into the claimant's eligibility. Defendant contends, however, that plaintiff's logic is flawed. Defendant argues that just because the statute requires defendant to deny obviously ineligible claims does not mean that defendant must approve every claim that is not so obvious. Again, we agree with defendant. Moreover, although caselaw concerning the no-fault act supports the idea that defendant should be obligated to make prompt initial determinations, plaintiff fails to provide authority for the idea that defendant is precluded from undertaking any investigation whatsoever, and ultimately, the sole reason for the delay in this case in either assigning or denying plaintiff's claim appears to have been plaintiff's own refusal to cooperate with defendant.

"The purpose of the Michigan no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008). "The no-fault act, MCL 500.3101 *et seq.*, was intended to provide insured persons who have sustained injuries in automobile accidents with assured, adequate, and prompt compensation for certain economic losses." *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 515; 791 NW2d 747 (2010). Additionally,

> [t]he Legislature understood that despite the act's coverage imperative, the no-fault system would necessarily have to accommodate the PIP needs of uninsured occupants of uninsured vehicles. This recognition yielded the contemporaneous enactment of a back-up plan, a priority system specifying a method for payment of PIP benefits when an injured person lacked no-fault coverage. MCL 500.3114 maps the course of such priority determinations. At the end of the priority road stands the insurer of last priority: the Michigan Assigned Claims Plan (MACP) (successor to the Michigan Assigned Claims Facility). MCL 500.3172(1). [*Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 303-304; 876 NW2d 853 (2015).]

-7-

In *Bazzi v Sentinel Ins Co*, 502 Mich 390, 419; 919 NW2d 20 (2018), which dealt with the unrelated "innocent-third-party rule," JUSTICE MCCORMACK gave an extensive overview of the no-fault act to illustrate the idea that the act "set up a comprehensive scheme in which insurers generally are expected to pay first and seek reimbursement later." (MCCORMACK, J., dissenting.)

> As we have said before, the no-fault act was enacted "to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General*, 402 Mich 554, 579; 267 NW2d 72 (1978). Consistently with this goal, the Act requires insurers to make prompt payment to eligible claimants, with few exceptions.

> When the Act's preference for prompt payments leads to mistakes, it provides remedies for insurers. If an insurer believes it was not obligated to pay a claimant's benefits, the Act provides various avenues for shifting losses to the appropriate insurer after the fact.

> \* \* \*

> In short, the no-fault act created a comprehensive statutory scheme that provides PIP coverage for all eligible claimants. The Act requires that PIP benefits be paid within 30 days of a claim. And because payment obligations may not be clear within 30 days, it provides mechanisms for a promptly paying insurer to recoup those payments from another insurer, dispute the obligation to pay benefits in the circuit court (after first assigning the claim to an MACP insurer for payment), or sue the owner of an uninsured vehicle for recovery of PIP benefits paid. [*Id*. at 419-421, 423-424.]

Indeed, the no-fault act provides that insurers that are assigned claims made under the MACP "shall make prompt payment of loss." MCL 500.3175(1). Additionally, MCL 500.3172(1) explicitly notes that insurers assigned under the MACP are "entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." All of the above supports the idea that defendant's initial investigation should be limited to favor prompt assignment of claims and prompt payment of PIP benefits.

In fact, the MACP itself provides for the "initial determination" that must be made to ensure prompt payment of benefits while a more thorough investigation as to eligibility is carried out:

> 1. An application for benefits under the Plan must be accompanied by a satisfactory proof of loss, documentation supporting that due diligence was exercised and the amount of loss sustained.

The MACP also provides, however, that claimants must reasonably cooperate with defendant's investigation on an initial determination, and must provide certain documents in support of their claim before that determination can be made:

2.   Upon receipt of a claim for benefits, [defendant] may make an initial determination of the claimants' eligibility for benefits.   The claimant shall reasonably cooperate with [defendant] in the investigation of any claim, including furnishing medical records and submitting to an examination under oath.

3.   A satisfactory proof of loss may include a police report, an MES report and/or any other documentation that [defendant] deems satisfactory to substantiate that the claimant may be entitled to benefits through the MACP.

Interestingly, had plaintiff's accident occurred more recently, his argument with respect to compliance with defendant's investigation would be more readily disposed of by MCL 500.3173a(2).   The Legislature recently codified language from the MACP into MCL 500.3173a(2), and the current version of the statute provides:

A claimant or a person making a claim through or on behalf of a claimant *shall cooperate* with the Michigan automobile insurance placement facility in its determination of eligibility and the settlement or defense of any claim or suit, including, but not limited to, submitting to an examination under oath. . . . [Emphasis added.]

In any event, the fact that the requirement that plaintiff reasonably cooperate with defendant was not yet codified in statute does not change the fact that plaintiff was so required. Defendant was granted the statutory authority to adopt, implement, and manage the MACP, MCL 500.3171, and although the statutes suggest that defendant should make prompt initial determinations and promptly assign claims to insurers, MCL 500.3173a(1) and MCL 500.3174, nothing in the statutes suggest that defendant is prohibited from making any investigation whatsoever on the initial determination.

Moreover, a limited investigation was necessary in this case because, while plaintiff contends that defendant had everything it needed to make the initial determination, we note that plaintiff's application for benefits was incomplete.  As defendant points out on appeal, plaintiff never indicated whether he was authorized to drive the vehicle in which he was injured at the time of the accident.  MCL 500.3113 provides five scenarios in which those that might otherwise be entitled to PIP benefits under the no-fault act are excluded from recovery.  One of those exclusions applies when a person willingly uses or operates a motor vehicle "that was taken unlawfully, and the person knew or should have known that the motor vehicle . . . was taken unlawfully." MCL 500.3113(a).  Whether plaintiff was lawfully driving the vehicle is a question that goes directly to his entitlement to PIP benefits under the no-fault act, and accordingly, it was, at the very least, reasonable for defendant to seek out an answer to that question. [6]

---

[6] On appeal, defendant also provides evidence via a traffic crash report that it had reason to believe that the vehicle plaintiff was driving was, in fact, insured under a policy issued by Progressive.  The traffic crash report was not attached in the lower court record, however, and thus is not a basis for our disposition.

Plaintiff also failed to provide reasonable proof of his losses necessary to be entitled to PIP benefits. Plaintiff relies upon *Cruz* for the contention that defendant did not have the authority to require plaintiff to submit to an EUO, and also, that mere failure to attend the EUO was not grounds for dismissal of plaintiff's complaint or denial of his claim. However, *Cruz* actually works against plaintiff because it establishes that, as plaintiff had yet to provide reasonable proof of the losses he sustained in the accident, plaintiff was not yet entitled to PIP benefits. First, in response to plaintiff's argument with respect to *Cruz*, nothing in the lower court record suggests that plaintiff's complaint was dismissed or that his claim was denied[7] solely because he failed to attend the EUO. Second, *Cruz* involved a distinct set of circumstances. The issue in that case was whether insurers could include in their insurance policies provisions that obligated claimants to submit to EUOs. *Cruz*, 466 Mich at 590. Our Supreme Court held that such provisions were permissible so long as "they do not conflict with statutory requirements of the no-fault act." *Id*.

In *Cruz*, the plaintiff had provided his insurer with reasonable proof of losses sustained in an automobile accident, and thus, pursuant to MCL 500.3142,[8] the insurer was statutorily mandated to begin paying the plaintiff's PIP benefits. The insurer, however, sought to require the plaintiff to submit to an EUO "as a condition precedent to payment" of the plaintiff's benefits. *Id*. It was the insurer's use of the EUO as a condition precedent to the payment of benefits that the plaintiff *was otherwise entitled to* that our Supreme Court held to be impermissible; under the circumstances, the insurer's EUO requirement conflicted with the operation of MCL 500.3142 *Id*.

The same circumstances do not exist in this case. It was clear in *Cruz* that the plaintiff had provided at least some reasonable proof of his losses pursuant to MCL 500.3142, whereas in this case, there is no evidence that plaintiff provided any proof of loss whatsoever with his application for benefits. *Id*. at 597-598.[9] The evidence suggests that the defendant in this case

---

[7] In fact, there is no evidence that defendant ever denied plaintiff's claim. At the time that the trial court granted defendant's motion for summary disposition, it would seem that defendant was still seeking information from plaintiff in order to make its initial determination.

[8] The statute provides, in pertinent part:

> (1) Personal protection insurance benefits are payable as loss accrues.
>
> (2) Subject to subsection (3), personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and the amount of loss sustained. [MCL 500.3142(1) and (2).]

[9] As explained above, defendant is not, itself, an insurer, and therefore, one might argue that MCL 500.3142 does not apply to defendant in the same way as it did to the insurer in *Cruz*. As also explained above, however, the no-fault act as a whole strongly favors prompt payment of benefits to those that have experienced injury and loss as a result of vehicular accidents. We see no reason why the requirement that a claimant provide reasonable proof of loss to an insurer before he is entitled to benefits would not also apply to claims made under the MACP.

was not attempting to use an EUO as a condition precedent to payment of benefits, but was merely attempting to make a brief investigation into whether benefits were available in the first place in light of the fact that plaintiff had (1) not indicated whether he was authorized to drive the motor vehicle, and (2) not provided reasonable proof of his losses.[10]  Without that information, we disagree with plaintiff's assertion that defendant "had everything it needed" to make an initial determination with respect to plaintiff's eligibility under the MACP.  See *id*. at 596 ("[A]n EUO provision designed only to ensure that the insurer is provided with information relating to proof of the fact and of the amount of the loss sustained—i.e., the statutorily required information on the part of the insured—would not run afoul of the statute.").  Thus, because plaintiff failed to provide the minimal information required for defendant to make an initial determination, unlike *Cruz*, the EUO did not serve as a condition precedent to benefits that plaintiff had established he was entitled to receive.  Having failed to establish that he was entitled to any benefits, defendant had no statutory obligation to assign plaintiff's claim.

In summation, summary disposition was appropriate pursuant to MCR 2.116(C)(8) because plaintiff failed to state an actionable claim and never sought to amend his complaint.  However, because the trial court noted that it would not decide defendant's motion on the complaint alone, we note that summary disposition was also appropriate under MCR 2.116(C)(10) because, although defendant was statutorily obligated to make an initial determination on plaintiff's application for benefits, plaintiff failed to complete his application for benefits and refused to provide reasonable proof of his losses so that defendant could make an informed decision.

### III.  DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff next contends that the trial court erred in dismissing his complaint based on a discovery violation, arguing that dismissal was an extreme and unnecessary sanction.  We disagree.

"Generally, an issue is properly preserved if it is raised before, addressed by, or decided by the lower court or administrative tribunal."  *Moody v Home Owners Ins Co*, 304 Mich App 415, 444; 849 NW2d 31 (2014), reversed on other grounds sub nom *Hodge v Home Owners Ins Co*, 499 Mich 211 (2016), citing *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010).  Whether dismissal of plaintiff's complaint with prejudice was an erroneously drastic sanction was an issue first raised in plaintiff's motion for reconsideration, and therefore, the issue is unpreserved.  *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 316; 885 NW2d 892 (2015).

"An unpreserved nonconstitutional claim of error is reviewed for plain error affecting substantial rights."  *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App

---

[10] It is clear from defendant's initial communications with plaintiff that defendant primarily sought (1) clarification as to whether plaintiff was authorized to drive the vehicle in which he was injured, and (2) medical or pharmaceutical bills that could provide reasonable proof of loss.

498, 532; 866 NW2d 817 (2014), citing *People v Grant*, 445 Mich 535, 552-553; 520 NW2d 123 (1994), and *Veltman v Detroit Edison Co*, 261 Mich App 685, 690; 683 NW2d 707 (2004). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Bennett v Russell*, 322 Mich App 638, 643; 913 NW2d 364 (2018) (quotation marks and citation omitted). "An error affect[ed] substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration and quotation marks omitted).

First, in contrast to the suggestion in plaintiff's brief on appeal, we note that nothing from the trial court's ruling or subsequent order suggests that the trial court dismissed plaintiff's complaint simply because plaintiff failed to appear for his scheduled deposition. In fact, the record more strongly suggests that the trial court dismissed the complaint because plaintiff (1) failed to state a claim, and (2) the facts, viewed in favor of plaintiff, did not reflect a scenario in which plaintiff could be entitled to relief. Accordingly, we disagree with plaintiff's characterization of the order granting summary disposition and dismissing his case as a "sanction." Defendant's complaint was not dismissed because of a discovery violation; it was dismissed because it lacked merit. See *Brenner v Kolk*, 226 Mich App 149, 155; 573 NW2d 65 (1997) ("MCR 2.116 is not a rule of sanction."); *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015) ("A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts.").

Moreover, even assuming arguendo that the trial court plainly erred by dismissing plaintiff's complaint based solely on a discovery violation without first exploring other sanctions on the record, that error would not have affected plaintiff's substantial rights. The error was not outcome-determinative because, viewing the facts in a light most favorable to plaintiff, plaintiff simply did not have an actionable claim against defendant. When the evidence establishes that there is no merit to a claim, the only true remedy is to dismiss the case, and in this case, the evidence quite clearly established that plaintiff's claim lacked merit.

As noted above, plaintiff failed to provide defendant with sufficient information under the no-fault act to allow defendant to make an initial determination with respect to plaintiff's eligibility to recover under the MACP, or to establish that plaintiff was preliminarily entitled to PIP benefits. When defendant sought out that information in order to make its determination, the record reflects—and plaintiff does not contest—that plaintiff was generally unresponsive.[11] Plaintiff does not describe what type of relief might have been more appropriate than dismissal of his complaint, and again, we note that, when it becomes evident that a plaintiff does not have a meritorious claim against a defendant, dismissal is generally the only appropriate remedy.

---

[11] Again, plaintiff argues that he did not receive notice of the EUO and scheduled deposition, but his arguments in front of the trial court indicate that he was at least aware of defendant's written requests for information, including the request for medical records in order to establish proof of loss. In arguing that the request went beyond defendant's statutory obligations, plaintiff implicitly acknowledged that he had seen and understood the requests.

Accordingly, had the trial court erred by dismissing plaintiff's complaint as a sanction for a discovery violation without first exploring other available sanctions on the record, that dismissal would not have affected plaintiff's substantial rights, and plaintiff is therefore not entitled to have his complaint reinstated.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood