**Lansing, Michigan**

# Opinion

Chief Justice:　　Justices:
Marilyn Kelly　　Michael F. Cavanagh
　　　　　　　　　Elizabeth A. Weaver
　　　　　　　　　Maura D. Corrigan
　　　　　　　　　Robert P. Young, Jr.
　　　　　　　　　Stephen J. Markman
　　　　　　　　　Diane M. Hathaway

FILED JULY 1, 2010

STATE OF MICHIGAN

SUPREME COURT

LEAH ROSE FOSTER,

　　　　Plaintiff-Appellee,

v　　　　　　　　　　　　　　　　　　No. 139872

DAVID KENNETH WOLKOWITZ,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH

YOUNG, J.

At issue in this case is whether the statutorily required presumptive award of custody given to a mother when an acknowledgment of parentage (AOP) is executed pursuant to the Acknowledgment of Parentage Act, MCL 722.1001 *et seq*., serves as an "initial custody determination" under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. We hold that it does not. An acknowledgment of parentage, signed by the parents and filed with the State Registrar, is not an "initial custody determination" under the UCCJEA because it is does not satisfy the definition of "initial custody determination" provided in that act. Nevertheless, the

presumptive award of custody contained in the Acknowledgment of Parentage Act remains part of a valid agreement into which the parents entered, and may be set aside only when a custody determination has been made by the judiciary.

Under the UCCJEA, a child's initial custody determination must take place in the child's home state, unless the home state declines to exercise home-state jurisdiction under the UCCJEA because another state would be a more appropriate forum. In this case, we conclude that Illinois is the child's home state, and thus only it has the authority to determine whether Michigan is the more appropriate forum. We remand to the Monroe Circuit Court for further proceedings consistent with this opinion. Pending resolution of the home-state jurisdictional issue, the award of custody to the mother that was stipulated by the parties pursuant to Acknowledgment of Parentage Act, as well as the temporary orders concerning parenting time and child support, remain intact.

FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant are the biological parents of M., born October 12, 2006. Plaintiff and defendant cohabitated but never married. The parties moved from Illinois to Michigan months before M. was born in Michigan. On January 25, 2007, plaintiff and defendant executed and filed an AOP naming defendant as the child's father and establishing paternity.

In April 2007, the parties and the child returned to Illinois and continued to reside together. Plaintiff attended college and worked, while defendant attended law school. Both parties had Illinois driver's licenses, and M. received state health insurance that required Illinois residency. During the time that the family resided in Illinois, plaintiff

2

regularly returned to Michigan with the child for extended visits with Michigan family members.

In May 2008, the relationship between the parties ended, and plaintiff and the child returned to Michigan to live with plaintiff's parents. Five days after returning to Michigan, plaintiff filed a paternity action in the Monroe Circuit Court. Additionally, plaintiff filed an ex parte petition for alternative service, temporary custody, and the scheduling of a UCCJEA conference. On May 18, 2008, the Michigan trial judge entered an ex parte order granting the request for alternative service and a UCCJEA conference, but declined to address the custody issue. On June 4, 2008, defendant filed a custody action in Illinois.

On July 7, 2008, a telephone conference was held between the judges from the Michigan and Illinois courts, as well as the parties, to discuss which state had home-state jurisdiction under the UCCJEA. Defendant argued that Illinois had jurisdiction under the UCCJEA. Plaintiff argued that Michigan should exercise jurisdiction because the child was residing with plaintiff in Michigan, plaintiff's petition had been filed first, and both plaintiff and the child had significant ties to Michigan. Both the Illinois and Michigan judges expressed initial agreement that jurisdiction should lie in Michigan, but also agreed that an evidentiary hearing should be held in Michigan in order to determine which state had home-state jurisdiction. Defendant was granted parenting time in Michigan "at his convenience."

After adjournments, discovery, and failed settlement attempts, the jurisdictional hearing was conducted on January 6, 2009. The AOP was entered into evidence in the

3

court record for the first time at this hearing. On February 17, 2009, the trial court entered a five-page "decision and order regarding jurisdiction." The court ruled that Michigan had jurisdiction to hear the case because, by executing an AOP, the parents "consent[ed] to the jurisdiction of Michigan specifically on the issues of custody, support and parenting time." Furthermore, because an AOP granted "initial custody" of a minor to the mother, the judge reasoned that the "UCCJEA would not be invoked" because the "grant of initial custody was already made by the parents who voluntarily invoked the Acknowledgment of Parentage law."[1]

Subsequently, a trial was held to determine custody. After taking testimony from a number of witnesses, the trial court applied the best interest factors contained in MCL 722.23, awarding joint legal custody to both parties, and physical custody to the plaintiff. Defendant was awarded parenting time, and a child support order was entered.

Defendant appealed the order of custody. On September 15, 2009, the Court of Appeals affirmed the trial court's exercise of jurisdiction, "albeit for a different reason."[2] The panel held that the trial court could properly exercise home-state jurisdiction under

---

[1] On March 3, 2009, after the Michigan court held that Michigan had jurisdiction over the case, the Illinois circuit court entered an order transferring the case to Michigan and dismissing defendant's Illinois case with prejudice. Subsequently, a motion was filed to vacate that order. The Illinois court refused to vacate the order transferring the case to Michigan, but did amend the previous order to indicate that the case would be "merely taken off call" rather than dismissed with prejudice pending defendant's Michigan appeal.

[2] *Foster v Wolkowitz*, unpublished opinion per curiam of the Court of Appeals, issued September 15, 2009 (Docket No. 291825), at 1.

the UCCJEA because a properly executed AOP operated as an initial custody determination as a matter of law. Because the Michigan AOP operated as an "initial custody determination" under the UCCJEA, Michigan had continuing jurisdiction and it was "not necessary to consider defendant's argument that Illinois is the home state."[3]

This Court granted leave to appeal, asking the parties to address whether the Court of Appeals erred in relying on the Acknowledgment of Parentage Act rather than the UCCJEA to determine that Michigan should exercise subject-matter jurisdiction, and, if jurisdiction properly lies in Illinois as the child's "home state" under the UCCJEA, whether Michigan is the more convenient forum for resolution of this matter.[4]

## STANDARD OF REVIEW

This case involves the requirements of the UCCJEA and the interplay between the UCCJEA and the Acknowledgment of Parentage Act. Issues of statutory construction are questions of law reviewed de novo.[5] Additionally, in the absence of any factual dispute,

---

[3] *Id.*, unpub op at 7.

[4] 485 Mich 999 (2009). Given our resolution of this case, we find it unnecessary to address defendant's constitutional challenge to the Acknowledgment of Parentage Act.

[5] *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003).

5

whether Michigan may exercise home-state jurisdiction[6] under the UCCJEA is a question of law reviewed de novo.[7]

RELEVANT STATUTORY PROVISIONS

The Acknowledgment of Parentage Act, MCL 722.1001 *et seq*., provides a voluntary means for both parents, acting together, to establish paternity of a child born out of wedlock. An AOP is "valid and effective" when the unwed parents complete the form, sign it, and have their signatures notarized.[8] A validly executed AOP establishes paternity and may provide the "basis for court ordered child support, custody, or parenting time without further adjudication under the paternity act . . . ."[9] The act further provides that the AOP is to be filed with the State Registrar and kept "in a parentage registry in the office of the state registrar."[10]

---

[6] Black's Law Dictionary (8th ed) defines "home-state jurisdiction" as "jurisdiction based on the child's having been a resident of the state for at least six consecutive months immediately before the commencement of the suit" where there is an interstate child-custody dispute governed by the UCCJEA.

[7] *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 6; 732 NW2d 458 (2007); *Lapeer Co Clerk v Lapeer Circuit Judges*, 465 Mich 559, 566; 640 NW2d 567 (2002); *Jodway v Kennametal, Inc*, 207 Mich App 622, 632; 525 NW2d 883 (1994).

[8] MCL 722.1003.

[9] MCL 722.1004.

[10] MCL 722.1005(1).

The Acknowledgment of Parentage Act further provides that when an AOP is executed, "initial custody" is granted to the mother:[11]

> After a mother and father sign an acknowledgment of parentage, the mother has *initial custody* of the minor child, *without prejudice to the determination of either parent's custodial rights*, until otherwise determined by the court or otherwise agreed upon by the parties in writing and acknowledged by the court. This grant of initial custody to the mother *shall not*, by itself, *affect the rights of either parent* in a proceeding to seek a court order for custody or parenting time.[12]

Lastly, parents who execute an AOP agree to consent to the "general, *personal jurisdiction*" of Michigan courts "regarding the issues of the support, custody, and parenting time of the child."[13]

The UCCJEA, MCL 722.1101 *et seq*., governs interstate child custody disputes. At issue in this case is MCL 722.1201, which governs a state court's authority to make an "initial child-custody determination."[14] That provision states:

> (1) Except as otherwise provided in section 204,[15] a court of this state has jurisdiction to make an initial child-custody determination *only* in the following situations:

---

[11] MCL 722.1007(c) requires that the AOP form provide notice to the parties that the mother has initial custody of the child. This is consistent with the AOP signed by the parties in this case.

[12] MCL 722.1006 (emphasis added).

[13] MCL 722.1010 (emphasis added).

[14] If a state court has jurisdiction to make an initial child-custody determination under the UCCJEA, that court retains "exclusive, continuing jurisdiction" over the child custody matter. MCL 722.1202(1) and 722.1203(a).

[15] MCL 722.1204(1) permits a state to exercise "temporary emergency jurisdiction" when a child has been abandoned or it is necessary to protect the child on an emergency basis because the child, his siblings, or his parent is "subjected to or

7

(a)  This state is the *home state* of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b)  A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has *declined to exercise jurisdiction* on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:

(*i*)  The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*)  Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c)  All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

(d)  No court of another state would have jurisdiction under subdivision (a), (b), or (c).

(2)  Subsection (1) is the *exclusive jurisdictional basis* for making a child-custody determination by a court of this state.

(3)  Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination.  [Emphasis added.]

The UCCJEA also defines statutory terms that are critical to our resolution of this case.  Of note, a "child-custody determination" is defined as "a judgment, decree, or

---

threatened with mistreatment or abuse."  The temporary emergency orders remain in effect until an order is obtained from the state court having proper jurisdiction under the UCCJEA.

*other court order* providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. Child-custody determination *does not* include an order relating to child support or other monetary obligation of an individual."[16] Additionally, the child's "home state" is defined as the state in which a child lived with a parent "*for at least 6 consecutive months immediately before the commencement of a child-custody proceeding*."[17]

## ANALYSIS

The Court of Appeals in this case held that an AOP, executed pursuant to the Acknowledgment of Parentage Act, operated as an initial custody determination for the purposes of the UCCJEA. It is true that the plain language of the Acknowledgment of Parentage Act effectively conditions the parents' ability to execute an AOP on their willingness to allow the mother to be granted "initial custody of the minor child . . . ."[18] While this grant of initial custody occurs by operation of law when the parties stipulate to the child's paternity, the statutory language also makes clear that the initial grant of custody creates no impediment should either parent wish to seek a judicial determination of custodial rights. MCL 722.1006 indicates that the grant of initial custody is "*without prejudice* to the determination of either parent's custodial rights" and that the grant of

---

[16] MCL 722.1102(c) (emphasis added).

[17] MCL 722.1102(g) (emphasis added).

[18] MCL 722.1006.

initial custody "shall not, by itself, *affect the rights of either parent* in a proceeding to *seek a court order* for custody or parenting time." (Emphasis added.) Thus, nothing in the plain language of the Acknowledgment of Parentage Act equates the execution of an AOP to a judicial determination regarding custody; rather, the statutory language leads to the opposite conclusion.[19]

Additionally, for the purposes of an interstate custody dispute, an AOP does not satisfy the statutory definition of "child-custody determination" provided in the UCCJEA, because the acknowledgment is not a "judgment, decree, *or other court order* providing for legal custody, physical custody, or parenting time with respect to a child." MCL 722.1102(c) (emphasis added). An AOP is not issued or entered by *any* court, nor is it in the form of a "judgment, decree, or other court order . . . ." Rather, the parental stipulation is filed in the executive branch with the State Registrar and kept in a specific parentage registry. The judicial branch has absolutely no involvement in the execution of an AOP. Indeed, the involvement of the judicial branch occurs, if ever, only *after* the AOP has been filed, as the acknowledgment serves as the "basis for court ordered child support, custody, or parenting time without further adjudication under the paternity

---

[19] Equating an AOP to a judicial determination would necessarily be prejudicial to the father, even if the child custody dispute were purely intrastate. MCL 722.27(1)(c) provides that a court cannot modify or amend previous orders so as to change the established custodial environment of a child "unless there is presented clear and convincing evidence that it is in the best interest of the child." The father would bear a heightened evidentiary burden when seeking to modify or amend the initial grant of custody to the mother, despite the clear directive contained in MCL 722.1006 stating that the filing of an AOP does not, by itself, "*affect the rights of either parent* in a proceeding to seek a court order for custody or parenting time." (Emphasis added.)

10

act . . . ."[20]  Simply put, the initial grant of custody to the mother required under the Acknowledgment of Parentage Act is not an "initial child-custody determination" under the UCCJEA, and the Court of Appeals erred by concluding otherwise.

It is true that the Acknowledgment of Parentage Act requires, as a condition of executing an AOP, that parents consent "to the general, personal jurisdiction" of Michigan courts regarding "the issues of the support, custody, and parenting time . . . ."[21] However, jurisdiction over a *person*[22] has never been synonymous with jurisdiction over a *case*, and the parties' consent to personal jurisdiction provides no support for the conclusion that Michigan has home-state jurisdiction under the UCCJEA.  The plain language of the UCCJEA indicates that it provides "the *exclusive* jurisdictional basis for making a child-custody determination."[23]  Merely having personal jurisdiction over a party or child is insufficient to make a child custody determination.[24]  Therefore, the consent to personal jurisdiction required by the Acknowledgment of Parentage Act provides no basis for Michigan to exert home-state jurisdiction pursuant to the UCCJEA.

---

[20] MCL 722.1004.

[21] MCL 722.1010.

[22] Black's Law Dictionary (8th ed) defines "personal jurisdiction" as a "court's power to bring a person into its adjudicative process."

[23] MCL 722.1201(2) (emphasis added).

[24] "Physical presence of, or *personal jurisdiction* over, a party or a child is neither necessary *nor sufficient* to make a child-custody determination."  MCL 722.1201(3) (emphasis added).

The record reveals that the child's home state for the purposes of the UCCJEA is the state of Illinois, because that is the state in which the child resided "for at least 6 consecutive months immediately before the commencement of a child-custody proceeding."[25]  Plaintiff argues that, despite the fact that the state of Illinois has home-state jurisdiction, the state of Michigan is a more convenient forum for the resolution of the custody dispute.  However, under the UCCJEA, it is the *home state* that must decide whether to "decline to exercise its jurisdiction" because "it determines" that "it is an inconvenient forum" and that "a court of another state is a more appropriate forum."[26]  Thus, while plaintiff presents persuasive arguments supporting the conclusion that Michigan is the more appropriate forum in which to resolve the interstate custody dispute, these arguments are best directed to the Illinois court.

Finally, we take care to note that, pending resolution of the interstate child custody dispute, the stipulation of the parties granting custody to the mother, as contained in the AOP, remains intact.[27]  Additionally, the child support order, as well as the order concerning parenting time, likewise remains intact.[28]

---

[25] MCL 722.1102(g).

[26] MCL 722.1207(1); 750 Ill Comp Stat 36/207(a).

[27] The AOP signed by the parties specifically acknowledges that "[t]he mother has custody of the child *unless otherwise determined by the court* or agreed by the parties in writing."  (Emphasis added.)

[28] The UCCJEA does not concern orders "relating to child support or other monetary obligation of an individual."  MCL 722.1102(c).  However, the Family Support Act, MCL 552.451 *et seq.*, specifically permits a custodial parent to petition the circuit court for support "to provide necessary shelter, food, care, and clothing for the

CONCLUSION

The Court of Appeals erred by concluding that the presumptive award of custody given to a mother when an AOP is executed pursuant to the Acknowledgment of Parentage Act serves as an "initial custody determination" under the UCCJEA. We therefore reverse the judgment of the Court of Appeals and remand this matter to the Monroe Circuit Court for further proceedings consistent with this opinion.

KELLY, C.J., and CAVANAGH, WEAVER, CORRIGAN, MARKMAN, and HATHAWAY, JJ., concurred with YOUNG, J.

---

child . . . ." MCL 552.451 and 552.451a. Where there is a dispute regarding custody, the judge is required to issue "specific temporary provisions" concerning custody and parenting time pending resolution of the custody dispute. MCL 552.452(4).

13