*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TINA VENESKEY and JAMES VENESKEY,

Plaintiffs-Appellants,

v

MICHAEL KEITH SULIER,

Defendant-Appellee.

FOR PUBLICATION
August 26, 2021
9:10 a.m.

No. 355471
Delta Circuit Court
Family Division
LC No. 20-024551-DC

Before: TUKEL, P.J., and K. F. KELLY and GADOLA, JJ.

K. F. KELLY, J.

In this dispute addressing the custody of a minor child in light of the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, plaintiffs, Tina Veneskey and James Veneskey appeal as of right the order granting summary disposition to defendant, Michael Keith Sulier, under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). Specifically, the parties contest the trial court's decision that North Carolina served as the minor child's home state, MCL 722.1201(1), and that Michigan presented an inconvenient forum for resolution of the child custody dispute, MCL 722.1207. We conclude that the plaintiffs' precipitous removal of the child from her residence in North Carolina and from the care of her stepfather shortly after the death of her mother did not prevent the North Carolina court from satisfying the jurisdictional requirements of the UCCJEA, MCL 722.1201(1). Furthermore, the trial court did not abuse its discretion by determining that Michigan presented an inconvenient forum for this child custody dispute, MCL 722.1207. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs are the maternal grandparents of the minor child, AS. AS was living in North Carolina with her mother, AR, her stepfather, and a half-sibling in a home owned by plaintiffs. On May 10, 2020, AR unexpectedly died. AR had not made provisions for AS's care in the event of her death, AS's stepfather had not adopted the child, and he did not have legal authority to care for AS. Nonetheless, plaintiffs consulted with legal counsel as well as law enforcement in North Carolina, obtained a power-of-attorney from AS's stepfather, and then removed AS from North

Carolina to Michigan. They did not contact or notify defendant, who claimed to be AS's biological father,[1] before doing so, alleging that defendant had no contact with AS since she was 18 months old.[2]

Plaintiffs filed a petition for guardianship in the Delta Probate Court, and the probate court assigned plaintiffs as AS's temporary guardians on an emergency basis.[3] Plaintiffs then filed for custody in the Delta Circuit Court, naming Michael Sulier as the defendant in their complaint. Defendant, who resides in South Carolina, also filed a custody action, but in North Carolina, the last place AS had been living before her removal to Michigan. Defendant then filed a motion for summary disposition in the Delta Circuit Court, alleging that jurisdiction for the custody proceedings under the UCCJEA was with the North Carolina court. The trial court agreed and dismissed plaintiffs' complaint for custody.[4]

## II. UCCJEA JURISDICTION DETERMINATION

Plaintiffs contend that the trial court erred by granting defendant's motion for summary disposition on jurisdictional grounds because North Carolina had no basis for jurisdiction under the UCCJEA. We disagree.

This Court reviews de novo a lower court's decision regarding a motion for summary disposition. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008) (quotation marks and citation omitted). "Absent a factual dispute, this Court reviews de novo, as a question of law, whether a trial court has jurisdiction under the UCCJEA." *Cheesman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015). Although the question regarding whether a court has jurisdiction under the UCCJEA is subject to de novo review, a lower court's decision regarding whether to *exercise* that jurisdiction is reviewed for an abuse of discretion. *Id*. Further, issues of statutory construction are reviewed de novo. *Id*. at 151.

---

[1] AR and defendant were never married; defendant was listed as the father on the birth certificate.

[2] Defendant claimed that his efforts to maintain contact with AS had been thwarted by AR.

[3] This Court granted plaintiffs' request to expand the appellate record to include the guardianship matter. The same trial judge who granted summary disposition in the circuit court presided over the guardianship matter.

[4] Plaintiffs recently filed a reply brief acknowledging that the North Carolina court satisfied the definition of "home state," but nonetheless asserting that consideration of other statutory criteria render Michigan the proper jurisdiction. We disagree with that statutory interpretation as set forth in this opinion.

"The UCCJEA prescribes the powers and duties of the court in a child-custody proceeding involving Michigan and a proceeding or party outside of this state." *Id.* (quotation marks, citation, and punctuation omitted). The purpose of a uniform child custody act is to declare that custody decrees of sister states will be recognized and enforced, to achieve greater stability in custody arrangements, and to prevent forum shopping. *Bivins v Bivins*, 146 Mich App 223, 227-228, 232; 379 NW2d 431 (1985).[5] "Under the UCCJEA, a child's initial custody determination must take place in the child's home state, unless the home state declines to exercise home-state jurisdiction under the UCCJEA because another state would be a more appropriate forum." *Foster v Wolkowitz*, 486 Mich 356, 359; 785 NW2d 59 (2010).

MCL 722.1201 of the UCCJEA[6] states:

(1) Except as otherwise provided in section 204 [dealing with temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

---

[5] The *Bivins* Court cited to the predecessor to the UCCJEA, the now-repealed Uniform Child Custody Jurisdiction Act, then found at MCL 600.651 *et seq*.

[6] North Carolina has also adopted the UCCJEA. NC Stat § 50A-101 *et seq*.

(2) Subsection (1) is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(3) Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination.

Thus, MCL 722.1201(1)(a) is the primary jurisdictional basis of the UCCJEA and provides that a court can exercise jurisdiction when Michigan is the child's home state or was the home state within six months of the commencement of the proceedings. *Hernandez v Mayoral-Martinez*, 329 Mich App 206, 210; 942 NW2d 80 (2019). Under MCL 722.1102(g):

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with a parent or person acting as a parent. A period of temporary absence of a parent or person acting as a parent is included as part of the period.

When Michigan is not determined to be the child's home state, the court must examine whether another state qualifies as the home state. MCL 722.1201(1)(b); *Hernandez*, 329 Mich App at 211. This inquiry may involve addressing a "person acting as a parent" and this person's relationship to the child. *Id.* This phrase is defined as:

(m) "Person acting as a parent" means a person, other than a parent, who meets both of the following criteria:

(*i*) Has physical custody of the child or has had physical custody for a period of 6 consecutive months, including a temporary absence, within 1 year immediately before the commencement of a child-custody proceeding.

(*ii*) Has been awarded legal custody by a court of claims a right to legal custody under the law of this state. [MCL 722.1102(m).]

If a "person acting as a parent" is merely in the process of seeking custody, MCL 722.1102(m)(*ii*) does not equate that action with a right of "custody under the laws of this state." *Hernandez*, 329 Mich App at 211. Consequently, when there is no home state, the court must consider whether Michigan has "significant connections" jurisdiction as set forth in MCL 722.1201(1)(b). *Hernandez*, 329 Mich App at 212. For Michigan to obtain "significant connections" jurisdiction, there must be no other state with jurisdiction as the home state, and the court must find that: (1) the child and the child's parents have a significant connection with this state other than mere physical presence, and (2) substantial evidence is available in this state addressing the child's care, protection, training, and personal relationships. MCL 722.1201(1)(b); *Hernandez*, 329 Mich App at 212.

Plaintiffs contend that North Carolina could not have had jurisdiction under MCL 722.1201. It is undisputed that AS lived in North Carolina for six months preceding AR's death on May 10, 2020. She was removed from North Carolina on May 18, 2020. Plaintiffs filed their petition for guardianship on May 29, 2020. Plaintiffs filed their circuit court complaint on July

31, 2020. Defendant filed his North Carolina complaint on July 15, 2020. Thus, there was a gap in time between AS's supervision by a parent in North Carolina and the commencement of the custody proceeding. However, in *Foster*, 486 Mich at 368, the Court, quoting MCL 722.1102(g), concluded that Illinois was a child's home state "because that is the state in which the child resided 'for at least 6 consecutive months immediately before the commencement of a child-custody proceeding.' " The facts in that case demonstrated that the child had been moved to Michigan at least several days before commencement of any custody proceedings. *Id*. at 360. *Foster* instructs that the phrase "immediately before the commencement of a child-custody proceeding" can encompass a gap of several days. Indeed, an individual who removes a minor child from the home state should not obtain a benefit between the removal date and date of a filing of a custody petition in Michigan by claiming that this period destroyed the prior occupancy period and relationship to the home state. The *Foster* Court also concluded that an acknowledgment of parentage and initial custody determination did not provide a basis for a state to exert home-state jurisdiction under the UCCJEA. *Id*. In addition, MCL 722.1102(d) states:

> "Child-custody proceeding" means a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue. *Child-custody proceeding includes a proceeding for* divorce, separate maintenance, separation, neglect, abuse, dependency, *guardianship*, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. Child-custody proceeding does not include a proceeding involving juvenile delinquency, contractual emancipation, or enforcement under article 3. [Emphases added.]

The May 29, 2020 guardianship petition was filed only several days after AS left North Carolina. Regardless of the time period during which AS was removed from North Carolina and plaintiffs' filings in Michigan to secure guardianship and custody, we conclude that it did not render Michigan as AS's home state for purposes of plaintiffs' and defendant's claims for custody. Indeed, in the six-month time period preceding AS's move to Michigan and the commencement of legal proceedings here, AS resided in North Carolina with her family.

Nevertheless, even if North Carolina does not qualify as the home state under MCL 722.1102(1)(a), there was, contrary to plaintiffs' argument, another basis for North Carolina to acquire jurisdiction. Specifically, the Michigan court may determine that it presents an inconvenient forum for the custody determination. The trial court's determination regarding the convenience of a forum state is reviewed for an abuse of discretion. *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006). An abuse of discretion occurs when the trial court's decision results in an outcome falling outside the range of reasonable and principled outcomes. *Id*. MCL 722.1207 states:

> (1) A court of this state that has jurisdiction under this act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including all of the following:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

(b) The length of time the child has resided outside this state.

(c) The distance between the court in this state and the court in the state that would assume jurisdiction.

(d) The parties' relative financial circumstances.

(e) An agreement by the parties as to which state should assume jurisdiction.

(f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

(h) The familiarity of the court of each state with the facts and issues of the pending litigation.

(3) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

(4) A court of this state may decline to exercise jurisdiction under this act if a child-custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding.

The Delta Circuit Court explicitly found that Michigan would not be a convenient forum under the factors from MCL 722.1207. Indeed, the court's conclusion that factor (b) favored North Carolina is supported by plaintiffs' own allegations in the complaint. In addition, the court emphasized the North Carolina court's familiarity with the case.[7] Most importantly, plaintiffs

_____

[7] We note that, according to the plain language of MCL 722.1207(2) ("the court shall . . . consider all relevant factors, including all of the following"), factors (a) through (g) are not an exclusive list. That North Carolina would have had home-state jurisdiction under MCL 722.1201(1)(a) if

simply do not take issue with the court's findings under MCL 722.1207.[8]  Instead, plaintiffs essentially submit that the lower court's finding of an inconvenient forum is irrelevant because North Carolina lacked all ability to obtain jurisdiction under the UCCJEA.  This is not the case, and plaintiffs misinterpret MCL 722.1201(1)(c).

Nonetheless, plaintiffs submit that North Carolina lacked jurisdiction because there was no evidence of a significant connection between defendant[9] and North Carolina.  MCL 722.1201(1)(a) and (b).  However, MCL 722.1201 also states:

> (1) Except as otherwise provided in section 204 [dealing with temporary emergency jurisdiction], *a court of this state has jurisdiction to make an initial child-custody determination only in the following situations*:
>
> * * *
>
> (c) *All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207* or 208. [Emphases added.]

As analyzed *supra*, Michigan had the ability to exercise jurisdiction under MCL 722.1201(b) but declined to do so because North Carolina was "the more appropriate forum to determine the custody of the child under section 207[.]"  MCL 722.1201(1)(c).  Plaintiffs' arguments disregard the effect of subparagraph (c).  And given plaintiffs' failure to contest the substance of the Delta Circuit Court's findings under MCL 722.1207, those findings remain in place.  Viewing them in the context of MCL 722.1201(1)(c) leads to the conclusion that reversal

---

AS had not been removed from that state was a relevant factor in determining that North Carolina was the "more appropriate forum."  MCL 722.1207(1).

[8] See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (if an appellant "fails to dispute the basis of the trial court's ruling," this Court need not consider granting appellate relief).

[9] We also note that plaintiffs contest whether defendant has standing to pursue custody when he was solely named as the father on AS's birth certificate.  In Michigan, standing is a separate question from subject-matter jurisdiction, and insufficient pleadings or facts regarding standing will not deprive the circuit court of subject-matter jurisdiction.  See, e.g., *Altman v Nelson*, 197 Mich App 467, 476; 495 NW2d 826 (1992).  Moreover, defendant's lack of "standing" is belied by the custody complaint plaintiffs filed *against* him, their claims that he was an absent unsupportive father, and their contention that he abandoned AS after she turned 18 months old.

of the jurisdictional issue is not warranted. Contrary to plaintiffs' argument, North Carolina did have a basis for jurisdiction under the UCCJEA.[10]

Plaintiffs submit that they should be given a permanent guardianship because defendant had abandoned AS. This argument is misguided because the present appeal involves the circuit court proceedings, not the guardianship proceedings. Also, the issue of a permanent guardianship was not yet reached in the probate court. The parties stipulated in the probate court to an adjournment of the guardianship proceedings. The order stated that "[t]he temporary guardianship shall continue for up to six months or until superseded by an order of the Delta County Circuit Court[11] . . . or the Davie County, North Carolina court, whichever is applicable."

Plaintiffs cite *In re Guardianship of Versalle*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket Nos. 351757; 351758), lv pending. In that case, the Court concluded that MCL 700.5204(2) addressing guardian appointment is constitutional and justified the appointment of a guardian. *Id.* at ___; slip op at 6-7.[12] Plaintiffs' reference to *In re Guardianship of Versalle* is inapposite because this appeal involves the circuit court proceedings, not the guardianship proceedings, and because the guardianship order was subject to being superseded by a different court's order. Plaintiffs sought the guardianship under MCL 722.1204, a provision for temporary emergency jurisdiction. Thus, reliance on the *Versalle* decision does not provide a ground for assumption of jurisdiction in Michigan.

Plaintiffs further contend that the temporary guardianship order constituted an initial determination of custody under the definitions set forth in MCL 722.1102(d) and (h), which state:

> (d) "Child-custody proceeding" means a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue. Child-custody proceeding includes a proceeding for divorce, separate maintenance, separation, neglect, abuse, dependency, guardianship, paternity, termination of

---

[10] In a court order provided by plaintiffs themselves, the North Carolina court explicitly stated that it had jurisdiction over the child-custody proceedings.

[11] MCL 722.26b(4) states:

> Upon the filing of a child custody action brought by a child's guardian or limited guardian, guardianship proceedings concerning that child in the probate court are stayed until disposition of the child custody action. A probate court order concerning the guardianship of the child continues in force until superseded by a circuit court order. If the circuit court awards custody of the child, it shall send a copy of the judgment or order of disposition to the probate court in the county that appointed the child's guardian or limited guardian.

[12] In their statement of questions presented on appeal, plaintiffs imply that, under *In re Guardianship of Versalle,* the circuit court should have evaluated defendant's fitness before granting the motion for summary disposition. But the court was not required to evaluate fitness when determining the threshold issue of jurisdiction.

parental rights, and protection from domestic violence, in which the issue may appear. Child-custody proceeding does not include a proceeding involving juvenile delinquency, contractual emancipation, or enforcement under article 3.

* * *

(h) "Initial determination" means the first child-custody determination concerning a particular child.

Plaintiffs submit that because the guardianship order was an initial determination of custody, Michigan retained jurisdiction under MCL 722.1202(1), which states, "Except as otherwise provided in section 204, a court of this state that has made a child-custody determination consistent with section 201 or 203 has exclusive, continuing jurisdiction over the child-custody determination until [certain conditions occur]." Plaintiffs ignore the first phrase of this statute, however, providing that the effect of MCL 722.1204 must be considered. In addition, MCL 722.1202(3) states that "[a] court of this state that has exclusive, continuing jurisdiction under this section may decline to exercise its jurisdiction if the court determines that it is an inconvenient forum under section 207." Even if Michigan had continuing, exclusive jurisdiction, it could decline to exercise it. Plaintiffs' argument that MCL 722.1202 somehow mandated that the Michigan court retain jurisdiction is not persuasive.

Lastly, plaintiffs assert that the trial court failed to keep an adequate electronic record of communications it had with the North Carolina court contrary to MCL 722.1110(4), (5)(d). We review this unpreserved issue for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). The trial court expressly communicated with the North Carolina court and delineated the substance of the discussion on the record. MCL 722.1110 contains no penalty for noncompliance with the electronic recording requirement and cannot obviate the court's conclusions regarding jurisdiction. Thus, plaintiffs failed to demonstrate plain error affecting substantial rights. *In re Utrera*, 281 Mich App at 8. Furthermore, as previously noted, the North Carolina court has already concluded that it has jurisdiction over the child custody dispute.

Affirmed. No taxable costs, a public question being involved.

/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola
/s/ Jonathan Tukel