*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLENE DIANE DORAIS,

       Plaintiff-Appellee,

v

GABOR GEORGE BURT,

       Defendant-Appellant.

UNPUBLISHED
May 18, 2023

No. 361132
Kent Circuit Court
LC No. 21-010452-DM

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In this divorce case involving a challenge to the trial court's jurisdiction, defendant, Gabor George Burt, appeals by leave granted[1] the trial court's denial of his motion to dismiss plaintiff, Charlene Diane Dorais's, complaint for divorce. For the reasons explained herein, we reverse the trial court's denial of the motion to dismiss and remand for entry of an order dismissing the noncustodial components of plaintiff's complaint.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The parties married in Budapest, Hungary, in September 1993. From 2000 onward, they and their four children lived primarily in the United States, except for approximately 18 months spent in Hungary between 2014 and 2016. When this proceeding began, the parties' only minor child resided with plaintiff in Grand Rapids. The parties and their children have dual citizenship in the United States and Hungary. In May 2021, defendant left the marital home in Grand Rapids and moved back to Hungary. In September 2021, he filed a lawsuit in Budapest seeking dissolution of the parties' marriage. In November 2021, plaintiff filed a complaint for divorce in Kent County. In response, defendant sent a letter to the trial judge assigned to the case and explained that he resided in Budapest, that he had already initiated a divorce proceeding in Hungary, and that the Hungarian court had exercised jurisdiction and scheduled an initial hearing for January 2022.

---

[1] *Dorais v Burt*, unpublished order of the Court of Appeals, entered August 11, 2022 (Docket No. 361132).

Defendant asked the trial court to dismiss plaintiff's complaint "on the basis of parallel proceedings."

Plaintiff argued in response that the Michigan court had jurisdiction over the case. Plaintiff asserted that jurisdiction is properly challenged only if Michigan declined jurisdiction. Plaintiff urged the trial court to deny defendant's motion to dismiss for these reasons.

The trial court found that plaintiff's complaint was properly filed in Michigan. Plaintiff alleged that she had resided in Michigan for more than 180 days and in Kent County for more than 10 days immediately before she filed her verified complaint for divorce. In addition, the parties jointly owned property in Michigan. The trial court concluded that it had jurisdiction over the divorce case and the minor child custody case because the child had lived in Michigan for the past five years. The trial court entered an order denying defendant's motion to dismiss for the reasons stated on the record. Nothing in the court's comments indicated that it considered the Hungarian court to have initiated the proceeding. This appeal followed.

## II. JURISDICTION

Defendant argues that the trial court erred by failing to limit the exercise of its jurisdiction to the custodial matters in plaintiff's divorce complaint pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, and dismissing the noncustodial matters under MCR 2.116(C)(6). We agree.

## A. STANDARD OF REVIEW

Defendant's request to the trial court to dismiss the divorce proceedings initiated by plaintiff "on the basis of parallel proceedings" was the functional equivalent of moving for summary disposition under MCR 2.116(C)(6). We review de novo a trial court's decision on a motion for summary disposition, "reviewing the record as it existed at the time of the trial court's ruling." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 319; 900 NW2d 680 (2017). Summary disposition under MCR 2.116(C)(6) "is appropriate whenever there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition." *Planet Bingo, LLC*, 319 Mich App at 325 (quotation marks and citation omitted). This subrule applies even when the other action is in a foreign court. See *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 319; 725 NW2d 364 (2006). "MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action, the purpose of which was to protect parties from the harassment of new suits." *Id.* at 313 (quotation marks and citation omitted). The plain language of MCR 2.116(C)(6) is in keeping with that purpose, i.e., the prevention of "litigious harassment involving the same question and claims as those presented in pending litigation." *Id.* at 319-320 (quotation marks and citation omitted).

Meanwhile, a trial court's exercise of jurisdiction under the UCCJEA is reviewed for an abuse of discretion. *Cheesman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015); *Nash v Salter*, 280 Mich App 104, 108; 760 NW2d 612 (2008). An abuse of discretion occurs when a court "chooses an outcome outside the range of principled outcomes." *Zalewski v Zalewski*, ___

Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357047); slip op at 2 (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

The question here is whether the trial court properly exercised jurisdiction over the parties' divorce. The Hungarian and Michigan actions involve the same parties and the same claim, i.e., a request for dissolution of a marriage. Accordingly, the divorce actions filed in Hungary and Michigan are sufficiently similar that they constitute the "same claim" between the same parties. *Planet Bingo, LLC*, 319 Mich App at 325. Defendant filed for divorce first in the Hungarian court, so plaintiff's complaint is subject to dismissal under MCR 2.116(C)(6). But because this case also involves a minor child, child custody is at issue.

"The UCCJEA governs child custody proceedings involving Michigan and a proceeding or party outside of the state." *Hernandez v Mayoral-Martinez*, 329 Mich App 206, 210; 942 NW2d 80 (2019). The UCCJEA "treats foreign countries as another 'state' for jurisdictional purposes." *Id*. "Under the UCCJEA, a child's initial custody determination must take place in the child's home state, unless the home state declines to exercise home-state jurisdiction under the UCCJEA because another state would be a more appropriate forum." *Foster v Wolkowitz*, 486 Mich 356, 359; 785 NW2d 59 (2010); see MCL 722.1201. " 'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding." MCL 722.1102(g). " 'Child-custody proceeding' means a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue. Child-custody proceeding includes a proceeding for divorce . . . ." MCL 722.1102(d). The UCCJEA specifically provides for bifurcation of a child-custody proceeding and a divorce proceeding. MCL 722.1207(4); see *Ramamoorthi v Ramamoorthi*, 323 Mich App 324, 334-335; 918 NW2d 191 (2018) (indicating that a trial court's lack of jurisdiction "to make a custody determination did not prevent the trial court from entering an otherwise valid divorce judgment concerning noncustody matters").

The parties do not dispute that the UCCJEA applies here. Nor can it be reasonably disputed that the Michigan court has home-state jurisdiction under the UCCJEA to make an initial custody determination. Indeed, defendant acknowledged that the parties' minor child had resided in Michigan for the past five or six years during the hearing on his motion to dismiss. Given this acknowledgment, and knowing that another action between the same parties involving the same claim had been initiated in a Hungarian court, the trial court erred by not limiting its exercise of jurisdiction to child-custody determinations under the UCCJEA and applying the unambiguous language of MCR 2.116(C)(6) to dismiss without prejudice the noncustodial parts of plaintiff's complaint for divorce. See *Valeo Switches*, 272 Mich App at 319 (observing that dismissal without prejudice is appropriate in case the foreign court's jurisdiction is disputed or the case is dismissed for a reason other than its merits). If the Hungarian court does not resolve issues concerning the parties' jointly owned Michigan property, either party may file an action thereafter in Michigan to resolve those outstanding issues. Whether comity dictates that the Hungarian divorce degree should be recognized and enforced in Michigan can only be determined after the decree has been issued. See *Dart v Dart*, 460 Mich 573; 597 NW2d 82 (1999).

Reversed and remanded for entry of an order dismissing the noncustodial components of plaintiff's complaint for divorce. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly