*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GUARDIANSHIP OF AM and GM, Minors.

---

PAULA Y. COLLIER, Guardian of AM and GM, minors,

   Petitioner-Appellee,

v

DEREK REED, also known as DEREK REID, also known as DERRICK REID,

   Respondent-Appellant.

UNPUBLISHED
March 19, 2025
1:03 PM

Nos. 371202; 371203
Kent Circuit Court
LC Nos. 24-000398-GM; 24-000396-GM

---

Before: M. J. KELLY, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

  In these consolidated guardianship proceedings,[1] respondent-appellant claims an appeal by right from the circuit court's order granting petitioner-appellee's petition for guardianship over the minor children, AM and GM. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

  On approximately January 10, 2024, Clarissa McLauglin, who was the mother of both AM and GM, died of a suspected drug overdose. At the time, the children were living with McLaughlin and her wife, Jennifer Thomas. On the night of McLaughlin's death, it was determined that petitioner would take the children home with her. Subsequently, both petitioner and Thomas filed petitions for guardianship over the children, but Thomas eventually withdrew her guardianship petition.

---

[1] *In re Guardianship of AM and GM*, unpublished order of the Court of Appeals, entered June 25, 2024 (Docket Nos. 371202 and 371203).

The record is somewhat unclear on the precise nature of petitioner's relationship to McLaughlin and the children. The Michigan Department of Health and Human Services (MDHHS) Guardianship Investigation Report indicates that petitioner is the maternal grandmother of the minor children and the adoptive mother of McLaughlin. The report also indicates that petitioner's parental rights to her children were terminated. Petitioner testified at the evidentiary hearing in the present matter that she was the grandmother of the minor children and that her parental rights to her adopted children had been terminated in 2005. Petitioner also referred to McLaughlin as her "daughter." At a hearing that preceded the evidentiary hearing, petitioner indicated that she was the "legal adopted grandmother" of the minor children.

With respect to respondent-appellant, the record reflects that he is the biological father of AM and the legal father of GM. In the proceedings below, respondent-appellant contended that the circuit court was without jurisdiction to order a guardianship because he was now the custodial parent. Respondent-appellant indicated that he was prepared to authorize a limited guardianship with Thomas. Respondent-appellant acknowledged that there was no court order awarding him legal or physical custody of the children, but he argued that he was the biological parent of one child, he had signed an affidavit of parentage with respect to the other child, he had maintained a continuous relationship with the children, and the custodial parent had passed away.

The circuit court held an evidentiary hearing, during which both petitioner and Thomas testified. Respondent-appellant opposed granting a guardianship to petitioner. He argued that he had a constitutional right to the care and custody of his children and that petitioner's guardianship petition should be dismissed. The court issued a written opinion and order granting full guardianship over the minor children to petitioner pursuant to MCL 700.5204(2)(c). The court found that the best-interest factors supported its conclusion. Additionally, the court specifically found that petitioner "credibly testified that she is the maternal grandmother" of the minor children.

This appeal followed.

## II. ANALYSIS

On appeal, respondent-appellant argues that the circuit court abused its discretion by granting the guardianship over his objection because MCL 700.5204(2)(c) did not require the court to order a guardianship and the statute further operated to violate his fundamental right as a legal father to the care and custody of his minor children. Respondent-appellant maintains that he should not be required to obtain a court order granting him legal custody—as implicitly mandated by MCL 700.5204(2)(c)(ii)—in order to protect his parental rights.

In guardianship proceedings under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, we review the lower court's factual findings for clear error and its dispositional rulings for an abuse of discretion. *In re ADW*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368361); slip op at 3-4; *In re Redd Guardianship*, 321 Mich App 398, 403; 909 NW2d 289 (2017). "A factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *In re Redd Guardianship*, 321 Mich App at 403 (quotation marks and citation omitted). An abuse of discretion occurs if the court "chooses an outcome outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted). This Court reviews de novo questions of law, including the

-2-

interpretation and application of statutes and court rules. *In re ADW*, ___ Mich App at ___; slip op at 3. Issues of constitutional law are also reviewed de novo. *Id.*

MCL 700.5204 provides in relevant part as follows:

> (1) A person interested in the welfare of a minor, or a minor if 14 years of age or older, may petition for the appointment of a guardian for the minor. The court may order the department of health and human services or a court employee or agent to conduct an investigation of the proposed guardianship and file a written report of the investigation.

> (2) The court may appoint a guardian for a minor if any of the following circumstances exist:

> *   *   *

> (c) All of the following:

> (i) The minor's biological parents have never been married to one another.

> (ii) The minor's parent who has custody of the minor dies or is missing and the other parent has not been granted legal custody under court order.

> (iii) The person whom the petition asks to be appointed guardian is related to the minor within the fifth degree by marriage, blood, or adoption.

At its root, the fundamental premise of respondent-appellant's argument is that an unmarried father must take affirmative steps through the court system to obtain legal custody of his child that the mother does not need to take because MCL 722.1006 creates a presumption of custody with the mother. MCL 722.1006 provides as follows:[2]

> After a mother and father sign an acknowledgment of parentage, the mother has initial custody of the minor child, without prejudice to the determination of either parent's custodial rights, until otherwise determined by the court or otherwise agreed upon by the parties in writing and acknowledged by the court. This grant of initial custody to the mother shall not, by itself, affect the rights of either parent in a proceeding to seek a court order for custody or parenting time.

However, the fundamental premise of respondent-appellant's appellate argument is incorrect. Our Supreme Court held in *Foster v Wolkowitz*, 486 Mich 356, 358-359, 366; 785 NW2d 59 (2010), that the execution of an affidavit of parentage (AOP), and the accompanying statutory presumption regarding initial custody in MCL 722.1006 that "occurs by operation of law when the parties stipulate to the child's paternity," is not equivalent to a judicial determination of

---

[2] Although this statute has since been amended, the changes are not at issue or relevant in this appeal.

custodial rights. The Supreme Court noted that an "AOP is not issued or entered by *any* court, nor is it in the form of a 'judgment, decree, or other court order . . . .' " *Foster*, 486 Mich at 367. Hence, respondent-appellant's contention about the operation of MCL 700.5204(2)(c) is entirely without merit. Moreover, a guardianship determination is also not a custody determination. *In re Versalle*, 334 Mich App 173, 179 n 5; 963 NW2d 701 (2020). MCL 722.26b(1).

Respondent-appellant thus has not demonstrated that the statute was unconstitutional as applied to him or that the circuit court abused its discretion in granting the guardianship.

Affirmed.

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Michelle M. Rick