JOHNSON v MARKS

Docket No. 195085. Submitted June 10, 1997, at Grand Rapids. Decided June 27, 1997, at 9:10 A.M.

Dale Johnson brought a legal malpractice action in the Hillsdale Circuit Court against James Marks and Michael Smith. The court, Thomas S. Eveland, J., granted summary disposition for the defendants, ruling that the action was barred by the applicable statute of limitations, as tolled for the disability of imprisonment. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 600.5851; MSA 27A.5851, which governs the tolling of periods of limitation for disabilities, was amended by 1993 PA 283 to eliminate imprisonment as a disability that tolls periods of limitation. 1993 PA 283, § 1(9) provides that if a person was serving a term of imprisonment on April 1, 1994, the effective date of the act, and the person had a cause of action to which the disability of imprisonment would have been applicable under the former provisions of § 5851, the person could bring an action until April 1, 1995. In this case, the plaintiff was in prison on April 1, 1994, with a cause of action against the defendants, but he did not bring an action until August 9, 1995. Accordingly, the trial court correctly ruled that the plaintiff's action was time-barred.

2. An earlier amendment of § 5851 by 1993 PA 78 on which the plaintiff relies to argue that 1993 PA 283, § 1(9) does not apply to him was omitted by the Legislature in 1993 PA 283. The omission must be deemed intentional. Moreover, a subsequently enacted specific statute takes precedence over a previously enacted general statute.

Affirmed.

Dale Johnson, in propria persona.

*James O. Marks*, in propria persona.

*Michael R. Smith*, in propria persona.

Before: REILLY, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Plaintiff Dale Johnson appeals as of right the opinion and order granting summary disposition to defendants James Marks and Michael Smith regarding plaintiff's claim against them for legal malpractice. We affirm.

I

Plaintiff claims that the trial court erred in finding that the period of limitation had run. We disagree.

MCL 600.5851; MSA 27A.5851, which deals with the tolling of limitation periods during periods of disability, was amended by the Legislature in 1993. These amendments principally eliminated imprisonment as a disability that tolled a limitation period, and it added paragraphs 9, 10, and 11, which pertain to the implementation of this change in the law. 1993 PA 283, § 2 states that the amendment was to take effect on April 1, 1994.

Subsection 9 of 1993 PA 283, § 1 provides:

> If a person was serving a term of imprisonment on the effective date of the 1993 amendatory act that added this subsection, and that person has a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section, an entry may be made or an action may be brought under this act for that cause of action within 1 year after the effective date of the 1993 amendatory act that added this subsection [being April 1, 1994], or within any other applicable period of limitation provided by law. [MCL 600.5851(9); MSA 27A.5851(9).]

Thus, the trial court succinctly found:

> The effective date of the 1993 amendatory act is April 1, 1994. The one-year expiration date would have been April 1, 1995. No complaint was filed by plaintiff until August 9, 1995. Accordingly, the statute of limitations has caused

plaintiff's claim to expire, and the defendants' motion must be granted.

We regard as logically unpersuasive plaintiff's argument that language from an earlier amendment, 1993 PA 78, changes the result. Most assuredly the Legislature did not intend language from 1993 PA 78 to limit the application of the one-year deadline of subsection 9, as plaintiff suggests, where subsection 9 had not even been written.

In addition, plaintiff's view that MCL 600.5851(9); MSA 27A.5851(9) does not apply to his action contravenes principles of statutory construction. First, omissions are deemed to be intentional. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d 76 (1993). When the Legislature amended MCL 600.5851; MSA 27A.5851 by 1993 PA 283, it repeated all provisions of the statute but omitted the language from 1993 PA 78 on which plaintiff relies. Moreover, a subsequently enacted specific statute takes precedence over a previously enacted general statute. *Malcolm v East Detroit,* 437 Mich 132, 139; 468 NW2d 479 (1991). Thus, 1993 PA 283 controls.

Because we find that the trial court properly found plaintiff's claim to be time-barred, it is unnecessary for us to address the merits of plaintiff's malpractice claim or the proximate cause issue.

Affirmed.