*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH EDWARD GARDINER,

        Plaintiff-Appellant,

UNPUBLISHED
August 17, 2023

v

No. 363240
Macomb Circuit Court
LC No. 2022-004059-CZ

SIAN HENGEVELD,

        Defendant-Appellee.

Before: BOONSTRA, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Plaintiff, appearing *in propria persona*, appeals as of right the trial court order granting defendant's motion for summary disposition. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is currently incarcerated, following his jury trial convictions of four counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (person under the age of 13, defendant over the age of 17), for acts committed upon his adopted daughter, AMGD (the victim). Defendant was the assistant prosecuting attorney that tried plaintiff's case. Plaintiff's convictions were affirmed in *People v Gardiner*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2019 (Docket No. 339631).[1]

---

[1] In his criminal claim of appeal, plaintiff did not challenge the admission of the recording raised here as violating 42 USC 1983.

On October 27, 2021, plaintiff filed a civil suit under 42 USC 1983[2] and MCL 750.539h.[3] Specifically, plaintiff alleged that defendant, a Macomb County assistant prosecuting attorney, violated MCL 750.539e.[4] After the victim, plaintiff's daughter, filed a police report alleging that she was sexually assaulted by plaintiff, she placed a phone call to plaintiff at the request of the police. Police Detective Jackie Calhoun was able to monitor the telephone call between the victim and plaintiff because of one-party consent under MCL 750.539g. However, the detective then allegedly allowed the victim's husband, DD, to be in the room during the call to support the victim. Thus, although not a member of law enforcement, DD was permitted to be present and eavesdrop on the private phone conversation without obtaining the consent of all parties, specifically plaintiff.

---

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." "In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.' " *Wilson v Garcia*, 471 US 261, 278; 105 S Ct 1938; 85 L Ed 2d 254 (1985) quoting *Almond v Kent*, 459 F2d 200, 204 (CA 4, 1972).

[3] "Any parties to any conversation upon which eavesdropping is practiced contrary to this act shall be entitled to the following civil remedies:

    (a) An injunction by a court of record prohibiting further eavesdropping.

    (b) All actual damages against the person who eavesdrops.

    (c) Punitive damages as determined by the court or by a jury."

[4] "Any person who uses or divulges any information which he knows or reasonably should know was obtained in violation of sections 539b, 539c or 539d is guilty of a felony, punishable by imprisonment in a state prison [for] not more than 2 years, or by a fine of not more than $2,000.00." MCL 750.539b addresses trespassing on property owned or under the control of another person to eavesdrop or surveil that person and provides that the person engaged in such conduct is guilty of a misdemeanor. MCL 750.539c addresses a person who uses to device to eavesdrop on a private conversation without the consent of all parties or who knowingly aids another in committing such conduct and provides that the person is guilty of a felony subject to no more than two years' imprisonment or a fine of not more than $2,000 or both. MCL 750.539d(1) prohibits a person from installing, placing, or using a device to observe, record, transmit, photograph, or eavesdrop upon another person in a private place. A first-time offender of this conduct is guilty of a felony and subject to not more than two years' imprisonment or a fine of not more than $2,000 or both. MCL 750.539d(3)(a)(*i*).

Although Detective Calhoun had authority to be present and monitor the call, she did not have the power to authorize DD, a third-party, to eavesdrop on the private phone conversation. Therefore, Detective Calhoun also violated MCL 750.539c, and actions against them were separately filed.[5]

Plaintiff further asserted that, in order to obtain an arrest warrant, Detective Calhoun played the recording of the unlawful phone call for defendant. But MCL 750.539c provided that any person that used or divulged information was guilty of a felony. Because defendant knew or reasonably should have known that the pretext phone call was obtained in violation of MCL 750.539c, plaintiff alleged that defendant committed a felony. Consequently, plaintiff was entitled to civil remedies under MCL 750.539h, including an injunction, actual damages, and punitive damages. Defendant allegedly committed additional violations by divulging the unlawful recording when she played the phone call in front of the judge, jury, and courtroom during both the trial and closing arguments.[6] Additionally, defendant asked specific questions during her examination about the phone call and advised the jurors that they could review and replay the recording as necessary during their deliberations. By playing the unlawful recording in court and replaying it to new and different listeners, it was claimed that defendant aggravated the scope of plaintiff's injury. Plaintiff's trial counsel objected to the use of the phone call by citing to the presence of a third-party that invoked the eavesdropping statute. Counsel claimed that consent from all parties was not obtained and tainted the phone call recording. But, the presiding trial judge overruled the objection, citing a pretrial ruling that failed to recognize that the prior motion was not premised on third-party involvement and a violation of MCL 750.539c. Plaintiff alleged that the plain language of MCL 750.539c and MCL 750.539e applied to "any person" and therefore, defendant's statutory violations entitled plaintiff to civil remedies. Further, plaintiff submitted that his right to be free of illegal seizures was violated when defendant obtained an arrest warrant for plaintiff through the violation of MCL 750.539c. These violations allegedly caused plaintiff to be wrongfully convicted, to be maliciously prosecuted, and to suffer loss of family, freedom, and liberty as well as severe emotional distress. For the illegal seizure and violation of the eavesdropping statute, plaintiff requested injunctive relief, a prohibition on any use of the tainted phone call recording, and monetary damages.

---

[5] On September 7, 2021, plaintiff filed a complaint against DD and Detective Calhoun in Macomb County Circuit Court, Lower Court Docket No. 2021-003320-CZ. With the complaint, plaintiff filed a motion seeking the appointment of counsel and to compel the United States Marshal's Service to serve the complaint. On September 24, 2021, the trial court denied the motion to compel service by the U.S. Marshal and to appoint counsel. On December 21, 2021, the trial court issued an order of dismissal for nonservice. On January 10, 2022, plaintiff moved to file a civil suit under 42 USC 1983 and MCL 750.639(h) (sic), moved for the court to provide service of process, and moved for the appointment of counsel. Review of the lower court docket entries shows that the trial court dismissed the motions, citing its December 21, 2021 opinion and order of dismissal and concluding that the case remained closed. There is no indication that plaintiff appealed this dismissal.

[6] We cannot verify these claims because we do not have the benefit of the criminal trial court record and transcripts.

In May 2022, defendant moved to dismiss in lieu of filing a responsive pleading. In the motion, defendant sought dismissal under MCR 2.116(C)(7) and (D)(2), alleging that plaintiff's claims were time-barred and that plaintiff failed to plead facts in avoidance of defendant's prosecutorial immunity. Defendant submitted that the phone call between plaintiff and the victim occurred on October 23, 2015. Additionally, plaintiff's complaint acknowledged that he knew the recording was used to obtain the warrant, was the subject of a pretrial suppression motion, and knew there were objections to the recording before and during trial. Therefore, the latest date upon which plaintiff's cause of action accrued was the date of his criminal sentencing —July 26, 2017. Because plaintiff did not initiate the cause of action for damages until March 1, 2022,[7] defendant alleged that plaintiff inappropriately filed his claim "three years and 217 days after his cause of action accrued." Plaintiff's claim was filed outside the three-year period of limitations applicable to a civil rights action, and therefore, his action must be dismissed.

Defendant further submitted that assistant prosecutors constituted quasi-judicial officers and were entitled to absolute immunity from civil liability for conduct committed during the scope of prosecutorial duties or functions. Prosecutorial immunity applied to acts involved in the preparation of the criminal process as well as when acting in the role of advocate for the state. Thus, a prosecutor brought and litigated criminal charges with immunity despite acting with malice and without probable cause. In the present case, plaintiff did not allege that defendant participated in the telephone call or recorded it. Rather, he claimed that, after the fact, defendant used the phone call to obtain an arrest warrant and as evidence at plaintiff's criminal trial. These allegations demonstrated that defendant's use of the recording was in her role as an advocate for the state, and therefore, she was entitled to absolute immunity. Consequently, defendant requested dismissal of plaintiff's complaint.

In May 2022, plaintiff filed a response, seeking denial of defendant's motion.[8] Specifically, plaintiff questioned when the statute of limitations commenced without identifying a start date. Further, plaintiff alleged that he was subjected to "continuous harm" since he was "illegally arrested" on October 24, 2015. Because the "continuous harm" continued as long as plaintiff was "wrongfully convicted and sentenced," he alleged that the statute of limitations had not yet started. Plaintiff further submitted that defendant was not entitled to prosecutorial immunity because the eavesdropping statute expressly provided that it applied to "any person," meaning defendant was not exempt from its provisions. Further, defendant's own brief acknowledged that defendant was aware of the statutory violation. Indeed, the prosecutor's commission of a felony by violating the eavesdropping statute was not a function integral to initiating a prosecution and in representing the state. Defendant completely failed to discuss or deny the claimed violation of MCL 750.539h. Therefore, defendant's motion must be denied and

---

[7] As already discussed, plaintiff filed his complaint on October 27, 2021.

[8] Plaintiff entitled this document "Motion to Dismiss/Deny (Defendant's Motion to Dismiss)." It is evident from the contents and the request for relief that plaintiff did not file a motion seeking summary disposition in his favor but merely opposed defendant's motion.

dismissed.[9]  In opposition to defendant's motion, plaintiff submitted his own factual affidavit claiming that the facts did not support dismissal.

In June 2022, defendant filed a "response" brief, noting that plaintiff's response conceded that his cause of action accrued on October 24, 2015, a date substantially earlier that the date of sentencing of July 26, 2017 relied on by defendant.  But, the calculation using either date was immaterial because both fell outside the three-year period of limitations applicable to plaintiff's claimed violation of an illegal seizure.  Plaintiff's claim that the period of limitations had not commenced because it constituted a continuous harm was without merit. The statute of limitations commenced upon an act and the effects of the act did not constitute a continuing violation that gave rise to a new cause of action each day the effects occurred.  The phone call recording and the introduction of the recording at trial were finite acts that did not give rise to a newly accrued cause of action. Thus, plaintiff's claims were time-barred.  Plaintiff's statutory eavesdropping claim also failed because defendant's acts were within the prosecution of the case and subject to immunity. Therefore, defendant requested dismissal of plaintiff's claims.

The trial court issued an opinion and order granting defendant's dispositive motion, containing the following factual and procedural summary:

> Plaintiff was convicted on multiple counts of first[-]degree criminal sexual conduct and sentenced to a term of imprisonment with the Michigan Department of Corrections.  He has filed this action against the Macomb County Assistant Prosecuting Attorney who prosecuted him at trial.  The current claims arise from the allegedly illegal use of a recorded telephone conversation between Plaintiff and his daughter, who was also the victim of the sexual assaults.  In the instant motion, Defendant seeks dismissal of the claims alleging the statute of limitations had expired prior to the filing of the action.  Defendant also claims prosecutorial immunity protects her from the claims raised by Plaintiff.  The motion is brought pursuant to MCR 2.116(C)(7).

After concluding that there was a three-year statute of limitations for claims brought under 42 USC 1983, the trial court ruled:

> In the case at bar, Defendant asserts the cause of action accrued no later than July 26, 2017, the date Defendant was sentenced after being convicted.  Pursuant to the Register of Actions, this action was filed on October 27, 2021.  Thus, the case was filed well past the expiration of the statute of limitations.
>
> In response to this argument, Plaintiff asserts the claim is not barred as the wrong is causing "Continuous Harm."  However, Plaintiff fails to provide any

---

[9] In this document, plaintiff cited to the eavesdropping statute and merely concluded that the facts did not support dismissal.  In fact, plaintiff did not technically file a legal brief in opposition to defendant's motion.  Rather, he filed an affidavit concluding that defendant was not entitled to relief.  Plaintiff failed to cite any legal authority to support the continuous harm theory and its application.

authority for the application of the continuous harm doctrine. As the Michigan Supreme Court has held, a party may not simply state a position and leave it to the courts to "discover and rationalize the basis for his claims or unravel and rationalize the basis for his arguments, and then search for authority either to sustain or reject his position." Therefore, the motion for summary disposition pursuant to MCR 2.116(C)(7) is granted as the claim is barred by the statute of limitations. [Footnotes omitted.]

The trial court then cited to caselaw addressing prosecutorial immunity before concluding:

In the case at bar, there is no doubt Defendant was acting in her role as a quasi[-]judicial officer and not in an administrative or investigative role. Thus, Defendant is entitled to absolute immunity for the actions set forth in the Complaint. Summary disposition is granted pursuant to MCR 2.116(C)(7) on the basis of prosecutorial immunity.

From this decision, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Meyers v Rieck*, 509 Mich 460, 468; 983 NW2d 747 (2022). Under MCR 2.116(C)(7), summary disposition is proper if a claim is barred by the statute of limitations. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 335; 941 NW2d 685 (2019). When examining a motion premised on MCR 2.116(C)(7), all well pleaded allegations are accepted as true and construed in the light most favorable to the nonmoving party. *Id*. at 335-336. Additionally, all documentary evidence submitted by the parties is examined when the motion is brought under MCR 2.116(C)(7). *Id*. at 336.

## III. ANALYSIS

Plaintiff contends that the trial court erred in dismissing his 42 USC 1983 claim premised on the statute of limitations. He submits that it was error in light of the continuing harm doctrine, his disability of imprisonment, and the discovery rule. We disagree.

The issues of statutory interpretation and the application of a statute of limitations to undisputed facts present legal questions subject to review de novo. *Parks v Niemiec*, 325 Mich App 717, 719; 926 NW2d 297 (2018). Issues involving statutory interpretation present questions of law that are reviewed de novo. *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494-495; 948 NW2d 452 (2019). "A statutory limitations period represents a legislative determination of that reasonable period of time that a claimant will be given in which to file an action." *Lothian v Detroit*, 414 Mich 160, 165; 324 NW2d 9 (1982). The designated limitations periods are grounded in sound public policy:

They encourage the prompt recovery of damages; they penalize plaintiffs who have not been industrious in pursuing their claims; they afford security against stale demands when the circumstances would be unfavorable to a just examination and decision; they relieve defendants of the prolonged fear of litigation; they prevent

fraudulent claims from being asserted; and they remedy the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert.

There is a maxim in law that nothing can interrupt the running of the statute of limitation. However, exceptions to this tenet have been developed by both the courts and the Legislature. Under certain circumstances, *e.g.*, for the duration of a claimant's personal disability (and perhaps for a specified time thereafter), the running of the applicable statutes of limitations may be suspended. Similarly, this affirmative defense may be waived by failure to plead it, by express agreement not to assert it, or by conduct which estops the defendant from interposing it. [*Id*. at 166-167 (Citations and punctuation omitted).]

Generally, the statute of limitations for personal injury claims, including claims brought under 42 USC 1983, is three years. See MCL 600.5805(2) ("Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."); see *Wilson v Garcia*, 471 US 261, 276; 105 S Ct 1938; 85 L Ed 2d 254 (1985) (Claims brought under 42 USC 1983 are actions involving personal injuries subject to the state's applicable statute of limitations).

In Michigan, the period of limitations "runs from the time the claim accrues." MCL 600.5827. "[T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id*. Although state law provides the period of the statute of limitations to be applied to 42 USC 1983 claims, "federal law governs the question of when that limitations period begins to run." *Sevier v Turner*, 742 F2d 262, 272 (CA 6, 1984). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*.

As an initial matter we note that the recording, arrest warrant, pretrial motion seeking exclusion of the recording, and criminal trial record were not submitted to verify dates cited by the parties. "Generally, the burden is on the defendant who relies on a statute of limitations defense to prove [the] facts that bring the case within the statute." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). But, "the reviewing court will accept the allegations stated in the plaintiff's complaint as true unless contradicted by documentary evidence." *Id*.

In the present case, plaintiff states that defendant does not even know when the statute of limitations commenced and merely handpicked the date of sentencing. Plaintiff noted in his complaint that he was aware of the use of the illegal phone call recording because it was used to secure a warrant for plaintiff's arrest and during trial. In his brief on appeal, plaintiff acknowledged that the statute of limitations could have commenced when the arrest warrant issued, but submitted that it did not commence the period of limitations because each use of the tainted recording restarted the period. Further, plaintiff contends that the trial court erred in its "unreasonable determination of the facts," and never took into account the continuous ongoing nature of the injuries.

In plaintiff's complaint and brief on appeal, plaintiff acknowledged that the statute of limitations could have started in October of 2015, specifically October 23, 2015, when the

conversation was recorded and the information was used to secure the arrest warrant. Indeed, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Sevier*, 742 F2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. Thus, plaintiff was aware of the phone conversation with the victim and became aware of the circumstances of the participants to the phone call through the arrest warrant and report by Detective Calhoun on October 23, 2015, and his arrest on October 24, 2015. Plaintiff was also aware that the phone call was utilized to bring charges against him. Therefore, plaintiff was aware of the injury that served as the basis of the action in October 2015. Accordingly, the three-year statute of limitations expired on October 24, 2018, rendering plaintiff's complaint untimely.

Plaintiff submits that the statute of limitations did not commence in October 2015. Rather, because defendant continued to use the phone call recording during the trials, he allegedly was subjected to "continuing harm" that precluded the statute of limitations from running. In *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 282-283; 696 NW2d 646 (2005), however, our Supreme Court concluded that the "continuing violations" doctrine was contrary to Michigan law, and federal precedent should not have been imported into Michigan law, thereby abrogating the application of the doctrine.

For purposes of completeness, we note that in *Fraser Twp v Haney*, 509 Mich 18, 28-29; 983 NW2d 309 (2022), our Supreme Court acknowledged the abrogation of the continuing wrongs doctrine, but noted the limits of the holding, stating:

> When we abrogated the continuing wrongs doctrine in *Garg*, we explained that the relevant statute of limitations there, MCL 600.5805, "requires a plaintiff to commence an action within three years of each adverse employment act by a defendant." After *Garg*, a plaintiff in Michigan may not revive stale claims even if the claims are part of a series of "continuing violations." But *Garg*, of course, did not operate to immunize future wrongful conduct. In other words, a plaintiff's failure to timely sue on the first violation in a series does not grant a defendant immunity to keep committing wrongful acts of the same nature. A plaintiff is free to begin a new action each time a defendant commits a new violation. *Garg* simply held that a plaintiff may not recover for injuries that fall outside the statutory period of limitations—regardless of how related those are to timely claims—when the Legislature has not permitted such recovery by statute. But, importantly, *Garg* allowed the claim that accrued within the limitations period to go forward.

The *Fraser Twp* Court noted that the alleged harm was the commission of continuing zoning-ordinance violations. Our Supreme Court determined that the defendants were not free to continue to commit zoning violations when the plaintiff did not bring an action against the first zoning violation. It stated:

> Whether Michigan recognizes the continuing-wrongs doctrine has no bearing on a plaintiff's ability to bring an action for claims that accrued within the statutory period of limitations. Thus, Michigan's abrogation of the doctrine is irrelevant to this case because [the] plaintiff does not seek a remedy for violations outside the limitations period. [The d]efendants violate the law as long as they keep hogs on

-8-

their property, and [the] plaintiff seeks to remedy only violations that occurred within the statutory period of limitations in the form of an injunction.

In the present case, we conclude that plaintiff seeks to utilize the continuing wrongs doctrine to extend the statutory period of limitations that commenced on October 24, 2015, the date of arrest, and ended on October 24, 2018. Defendant did not seek to admit *repeated* phone calls made between the victim and plaintiff in violation of state and federal eavesdropping law. Rather, there was one call allegedly made in violation of the eavesdropping statutes, and plaintiff alleges that he was injured each time the phone call was played. This conduct falls within the prohibition of *Garg*, not *Fraser Twp*. See *Fraser Twp*, 509 Mich at 29 ("*Garg* simply held that a plaintiff may not recover for injuries that fall outside the statutory period of limitations—regardless of how related those injuries are to timely claims—when the Legislature had not permitted such recovery by statute.").

After Detective Calhoun allegedly made a recording of the conversation in DD's presence, it was used to obtain the felony warrant. Plaintiff further contends that it was wrongfully played at both trials. However, as plaintiff notes, the admission of the phone call was the subject of a pretrial motion as well as challenged at trial. Therefore, the criminal trial court concluded that the evidence was admissible despite plaintiff's contention that it violated the eavesdropping statute. In light of the permissive use by the trial court and plaintiff's failure to challenge the admission of the evidence in his criminal claim of appeal, it is difficult to discern how the additional admissions of the evidence constituted continuing violations when they were brought to the trial court's attention that ruled the evidence admissible. Therefore, we conclude plaintiff's contention that the continuing harm doctrine prevents application of the three-year period of limitations is without merit.

Next, plaintiff submits that the statute of limitations was tolled because of his incarceration, an argument he failed to raise before the trial court. This Court recently held "that the plain-error rule of *Carines*,[10] does not apply to civil cases and it is error to do so as it contradicts established Supreme Court precedent. . . ." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 359090) (2023); slip op at 5. Rather, appellate courts apply "the raise or waive rule," recognizing this Court's ability to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___; slip op at 2-5 (quotation marks and citations omitted). In this case, there is no reason to overlook the preservation requirement and we conclude that plaintiff waived this issue.[11]

---

[10] *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

[11] Imprisonment does not constitute a personal disability that will extend the limitations period. Specifically, MCL 600.5851 "which deals with the tolling of limitation periods during periods of disability, was amended by the Legislature in 1993." *Johnson v Marks*, 224 Mich App 356, 357;

Finally, plaintiff submits, for the first time on appeal, that he did not discover that he had a cause of action until he read a self-litigation book in 2020. Again, we conclude that there is no reason to overlook the preservation requirement[12] and this issue is waived.[13]

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

568 NW2d 689 (1997). "These amendments principally eliminated imprisonment as a disability that tolled a limitation period[.]" *Id*.

[12] "Under a discovery-based analysis, a claim does not accrue until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper complaint." *Trentadue v Gorton*, 479 Mich 378, 389; 738 NW2d 664 (2007). The *Trentadue* Court concluded that the Legislature created comprehensive limitations periods, times of accrual, and tolling for civil cases. Therefore, the Legislature was entitled to and did abrogate the common-law discovery rule, except where expressly retained in the statutory language, e.g., the codification of the discovery rule in medical malpractice cases. *Id*. at 389-391. Therefore, courts are not entitled to employ a discovery rule to toll the accrual of a period of limitations in the absence of statutory language. *Id*. at 391. In this case, plaintiff fails to identify any statutory language that would toll the limitations period for a 42 USC 1983 action.

[13] Although our holding addressing the statute of limitations is dispositive, for purposes of completeness, we also determine that the trial court properly concluded that defendant was entitled to absolute immunity. See *Van de Kamp v Goldstein*, 555 US 335, 339; 129 S Ct 855; 172 L Ed 2d 706 (2009); *Imbler v Pachtman*, 424 US 409, 410-411; 96 S Ct 984; 47 L Ed 2d 128 (1976); *Bischoff v Calhoun Co Prosecutor*, 173 Mich App 802, 803; 434 NW2d 249 (1988). And lastly, we reject plaintiff's contention that he was denied his "day in court" because the circuit court may dispense with oral argument when ruling on a motion for summary disposition. MCR 2.119(E)(3).